CORNELIUS L. KEATON, Respondent, v. FANNIE E. KEATON, Appellant.

St. Louis Court of Appeals, March 15, 1898.

1. **Divorce:** PRACTICE, TRIAL: MOTION FOR NEW TRIAL: EQUITY. The rule requiring a motion for a new trial to be duly filed is equally imperative in suits in equity as in actions at law.

2. **Record:** ERRORS. The appellate court is not prevented from considering any errors patent upon the record proper of any case, although no exceptions were saved at the trial.

Keaton v. Keaton.

3. Pleading: PRACTICE: PETITION. It is the established rule that a petition which impliedly states a cause of action is good after verdict.

4. ———: ———: ———. Every just intendment must be given to the petition in support of a favorable judgment thereunder.

5. Divorce: EVIDENCE OF DESERTION. In the case at bar we must assume in the absence of any power to review the evidence, that it tended to prove all the essentials of a valid charge of desertion; that is, intentional cessation from cohabitation for the statutory period without plaintiff's consent.

*Appeal from the Cape Girardeau Court of Common Pleas.*—HON. ALEX. ROSS, Judge.

AFFIRMED.

ROBERT L. WILSON for appellant.

It is not enough that the party should be the innocent and injured party and goes into court with clean hands. "But if it should appear to the court that the injury or offense complained of, shall have been occasioned by collusion of the parties, or done with an intention to procure a divorce or that the complainant was consenting thereto then no divorce shall be granted." R. S. 1889, sec. 4507. Even if there was no statutory denunciation of collusion in divorce proceedings courts will not lend too indulgent ear to application for divorce. Neff v. Neff, 20 Mo. App. 182–190; Harper v. Harper, 29 Mo. 303. We insist that for the above reasons, *first*, that the petition does not state a cause of action; *second*, by reason of the collusive contract the court will reverse this case, set aside the decree and dismiss plaintiff's bill. The record proper will be reviewed by the appellate court. No exceptions are necessary. State v. Murray, 126 Mo. 526; Taylor v. Switzer, 110 Mo. 410; McIrvine v. Thompson, 81 Mo. 648; St. Jo. v. Ensworth, 65 Mo. 628.

C. L. KEATON for respondent.

Now we insist that the above petition is good and sufficient, and states fully a cause of action, and fully sustains the decree, and as there is no motion for a new trial or in arrest of judgment, the petition and record proper is all that can be investigated on this appeal. State v. Murry, 126 Mo. 526, and cases cited; Bartlett v. Veach, 128 Mo. 91; Mumford v. Keet, 65 Mo. App. 502. And there can be no bill of exceptions without motion for a new trial, or in arrest of judgment. Bartlett v. Veach, 128 Mo. 91, and cases cited. This last case is exactly in point in case at bar.

BOND, J.—This petition asks for a divorce for abandonment and upon other grounds. An answer and cross-bill were filed, making serious charges against plaintiff. When the case came on for trial the petition was amended so as to exclude all other charges except desertion, and the answer was amended by striking out all its allegations except a general denial. After hearing the evidence the court on the fifth of October, 1896, rendered a decree of divorce in favor of plaintiff, and continued a motion previously filed by defendant for an allowance of costs and expenses incurred by her in and about the defense of this suit. This order of continuance was rescinded at the same term of the court on November 17, 1896, when the court disposed of the motion in question, by sustaining the objection of plaintiff to its consideration on the ground that it was unwarranted by any law or practice. Thereupon defendant proffered to file motions of said date for new trial and in arrest, which were refused by the court as being tendered out of time, and thereupon defendant prayed an appeal to this court, which was allowed.

Under this state of the record we can not consider any assignments of matters of exception, since these can only be preserved by the filing of a motion for new trial in the time prescribed by statute. R. S. 1889, sec. 2243; Bartlett v. Veach, 128 Mo. 91; St. Joseph v. Robinson, 125 Mo. 1; McCollum v. Boughton, 132 Mo. loc. cit. 620; Ryan v. Growney, 125 Mo. 474; Nichols v. Stevens, 123 Mo. 96. It will be seen from these cases that the rule requiring a motion for new trial to be duly filed is equally imperative in suits in equity as in actions at law. We are not, however, prevented from considering any errors patent upon the record paper, and appellant insists that, after its amendment, the petition in this case does not state any cause of action, nor warrant a decree for divorce. The portion of the petition left after the amendment, omitting formal parts, is as follows:

"Plaintiff states that on the 10th day of October, 1888, in the county of Lawrence in the state of Arkansas, he was lawfully married to the defendant and that plaintiff continued to live with the defendant as her husband from and after the day and year aforesaid until the —— day of June, 1894, last, past; that during all that time plaintiff faithfully demeaned himself as and discharged all his duties as the husband of the defendant and at all times treated her with kindness and affection, but the said defendant wholly disregarding her duties as the wife of plaintiff, on said day after quarreling with, striking and beating plaintiff, wholly abandoned plaintiff's bed, without any reasonable cause whatever, and has continued therefrom hitherto."

Appellant contends that the foregoing allegations fail to charge that the absence of defendant, subsequent to her desertion of plaintiff, was voluntary on her part,

and cites in support of her position Hoffman v. Hoffman, 43 Mo. 547.

It was intimated in that case that a petition containing averments similar to the above, would be held defective if the occasion arose, but the court in that case did not pass on the sufficiency of the averment of desertion, but rested its conclusions upon the insufficiency of the evidence to sustain such charge. In the case at bar we must assume, in the absence of any power to review the evidence, that it tended to prove all the essentials of a valid charge of desertion; that is, intentional cessation from cohabitation for the statutory period without plaintiff's consent. It is the established rule that a petition which impliedly states a cause of action is good after verdict. Bank v. Scalzo, 127 Mo. 164; Bank v. Leyser, 116 Mo. loc. cit. 73; Mumford v. Keet, 65 Mo. App. loc. cit. 505; R. S. 1889, sec. 2113. The petition in this case alleges that defendant's abandonment immediately followed a violent attack made by her upon plaintiff; that it was without any reasonable cause and has continued from the date of the assault upon him. The reasonable effect of these statements is that defendant's abandonment and subsequent absence was the result of her own willfulness and misconduct. Every just intendment must be given to the petition in support of a favorable judgment thereunder. This was the evident purpose of our statute (R. S. 1889, sec. 2113, sub. sec. 9) and is the doctrine of the cases on this subject above cited. Taking this to be the meaning of the averments of the petition, it can not be said that they wholly failed to state any cause of action. It may be conceded that its allegations are indefinite, vague and imperfect, but these defects only can not be urged on appeal, when the record proper is the only thing preserved for review. Our conclusion is that the judgment must be affirmed. All concur.