CITY OF MACON, Appellant, v. JOHN M. ATKINSON et al., Constituting PUBLIC SERVICE COMMISSION, and CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

Division Two, January 4, 1916.

1. **PUBLIC SERVICE COMMISSION.** The Public Service Commission is not a court.

2. ————: **Appeal.** On appeal from the rulings of the circuit court, requiring the Public Service Commission to receive evidence which it had refused to receive, it is the rulings or errors of the court that are for review, and not those of the commission.

3. ————: ————: **No Evidence.** In the absence from the record of the evidence adduced before the circuit court there

can, on appeal, be no review of its rulings: (a) where the circuit court, upon *certiorari*, had affirmed the action of the Public Service Commission and approved its admission of evidence; or (b) where the circuit court had reversed and remanded the case to the commission for errors in refusing to admit relevant and competent evidence; or (c) where, upon the facts adduced in evidence, the finding of the commission was erroneous as a matter of right and equity and good conscience.

4. ———: ———: ———: No Motion for New Trial: No Bill of Exceptions. The statute makes the appellate procedure pertaining to appeals in civil cases applicable to appeals from the rulings of the circuit court affirming, upon *certiorari*, the action of the Public Service Commission; and unless the evidence before the circuit court is preserved in a bill of exceptions, and kept alive by a motion for a new trial, there is nothing for review on appeal to the Supreme Court except the bare record of the proceedings in the circuit court. Even though the case be denominated one in equity, there can be no review of the evidence, unless there is both a motion for a new trial and a bill of exceptions.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate, Judge.*

Affirmed.

*W. G. Busby, O. M. Spencer* and *M. G. Roberts* for respondents.

The Public Service Commission Act provides that causes of action taken by writ of *certiorari* to the circuit court from the Public Service Commission shall be tried as suits in equity. It is further provided that such causes shall be appealed as in other cases. There is nothing for this court to review in this case, as the appellant did not file a motion for a new trial or a motion in arrest of judgment. The Public Service Commission Act does not dispense with the necessity of such motions required in all other civil cases.

*George N. Davis, D. L. Dempsey* and *Andrew Field* for appellant.

There was no provision nor place in appeals from the Public Service Commission for motion for new trial

in the circuit court. The motion for rehearing before the commission takes the place of the motion for new trial. Section 110 of the Commission Act provides: "After an order or decision has been made by the commission any corporation or person or public utility interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, and the commission shall grant and hold such rehearing, if in its judgment sufficient reason therefor be made to appear; if a rehearing shall be granted the same shall be determined by the commission within thirty days after the same shall be finally submitted. No cause or action arising out of any order or decision of the commission shall accrue in any court to any corporation or person or public utility unless such corporation or person or public utility shall have made, before the effective date of such order or decision, application to the commission for a rehearing. Such application shall set forth specifically the ground or grounds on which the applicant considers said order or decision to be unlawful, unjust or unreasonable. No corporation or person or public utility shall in any court urge or rely on any ground not so set forth in said application." Section 111 provides for writ of *certiorari* or review for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined, and further provides "No new or additional evidence may be introduced upon the hearing in the circuit court but the cause shall be heard by the court without the intervention of a jury on the evidence and exhibits introduced before the commission and certified to by it. The commission and each party to the action or proceedings before the commission shall have the right to appear in the review proceedings. Upon such hearing the circuit court shall enter judgment either affirming or setting aside the or-

der of the commission under review.   Section 114 provides for appeal to the Supreme Court.  ''Such appeal shall be prosecuted as appeals from judgment of the circuit court in civil cases except as otherwise provided in this act.  The original transcript of the record and testimony and exhibits, certified to by the commission and filed in the circuit court in any action to review an order or decision of the commission, together with a transcript of the proceedings in the circuit court, shall constitute the record on appeal to the Supreme Court.
. . .  No appeal shall be effective when taken by a corporation, person or public utility unless a cost bond of appeal in the sum of five hundred dollars shall be filed within ten days after the entry of judgment in the circuit court appealed from.''  Accordingly under the statute, this whole record is here for review by this court.  And no point is made upon any action other than as it appears in this record.

FARIS, P. J.—Appeal from the judgment of the circuit court of Cole county affirming the action of the Public Service Commission of the State of Missouri in a proceeding by appellant to compel defendant railroad company to repair certain overhead crossings of the streets of plaintiff city over the railroad track of defendant railroad.

Since, in the view we are compelled to take of the case, it does not turn here upon the facts, a brief statement of such facts will suffice.  Concisely they run thus:  At a former time, to-wit, in the year 1901, defendant railroad company was desirous of lowering the grade of its track where the same ran through plaintiff city and where it crossed over Wentz street and Ruby street therein.  In order to lower this grade defendant railroad (hereinafter for brevity referred to simply as the railroad) made a contract with the city of Macon (hereinafter designated for brevity as

the city), whereby it was agreed that the railroad should construct and keep in repair, bridges over its said tracks where the same crossed said above-named streets. This contract further provided that the railroad should pay to the city as part consideration, at least, for the right of lowering such tracks and the grade through said city the sum of $8,500. It was further agreed that the city should assume the burden of keeping in repair the approaches to and the floors on said bridges, which approaches and floors constituted the streets, or passagways on Wentz and Ruby streets where the latter crossed the railroad tracks. This contract took the form of an ordinance, which ordinance was duly accepted by the railroad and the said sum of $8,500 paid to and accepted by the city.

In the course of time the flooring over the two bridges in question became rotten and out of repair, which necessitated the reflooring of same and the construction of new approaches on said streets to these two bridges. Thereupon the city took the position that it was not its duty to maintain and repair these floors and approaches, but that it was the duty of the railroad so to do, its legislative contract with the railroad notwithstanding. It thereupon proceeded to repudiate this contract on the theory that the same is *ultra vires,* and that it was and is the duty of the railroad under section 3049, Revised Statutes 1909, to repair and maintain both the approaches to these bridges and the floors thereon.

Upon a hearing before the Public Service Commission the complaint of the city was dismissed for the reason, among others, that the evidence in the case did not warrant the granting of the relief prayed for. From this order and ruling of the Public Service Commission appellant herein brought *certiorari,* or a writ of review, in the circuit court of Cole county to bring up the record of the case from the Public Service Commis-

sion.  Upon a hearing in said circuit court the ruling of the Public Service Commission was in all things affirmed.  From this judgment of the circuit court the city, which is appellant here, took an appeal to this court.  In taking this appeal no motion for a new trial, or motion in arrest, or any other motion was filed, nor was any bill of exceptions filed in the case; nor was any time taken in the court *nisi* within which to file such bill of exceptions.  A plain, bare appeal from the circuit court was taken merely by making the statutory affidavit and giving a *supersedeas* bond as in ordinary appeals in civil cases.

Such further facts as shall become necessary to make the points clear will be set forth in the subjoined discussion.

## OPINION.

Many contentions are urged by the appellant, but we are met upon the threshold with respondent's insistence that there is nothing before us but the bare record of the proceedings in the circuit court.  This contention is bottomed upon the admitted

**Appeal:
No Bill of
Exceptions:
Review of
Evidence.**

failure of the appellant to file in the circuit court any motion for a new trial. Appellant took a bare appeal from the decision below, which was adverse to it.  We need not cite authorities to prove that such a failure would have the effect in any ordinary civil case to preclude any review here in any wise based upon the evidence.  Unless then there be some valid statute which prescribes, or permits a special and different procedure in a case coming up to us on appeal from a circuit court from a ruling made by the Public Service Commission, we must affirm this case out of hand, absent error in the record proper.

Turning to the statutory provisions which govern cases coming up from the Public Service Commission,

we find it recited that in all cases of appeals to this court "such appeal shall be prosecuted as appeals from judgment of the circuit court in civil cases, except as otherwise provided in this act. The original transcript of the record and testimony and exhibits certified to by the commission and filed in the circuit court in any action to review an order or decision of the commission, *together with a transcript of the proceedings in the circuit court,* shall constitute the record on appeal to the Supreme Court." [Sec. 114, Laws 1913, p. 644.] Elsewhere it is provided in this act that matters shall be brought up to the circuit courts by writs of *certiorari,* or writs of review, and that upon reaching the circuit courts the cases so brought up "shall be tried and determined as suits in equity." [Sec. 111, p. 641, Laws 1913.] If upon the hearing in the circuit court such court shall find that the commission failed "to receive testimony properly proffered, the court shall remand the cause to the commission, with instructions to receive the testimony so proffered and rejected, and enter a new order based upon the evidence theretofore taken and such as it is directed to receive." [Ibid.] From such action of the circuit court an appeal lies to this court—at least it is so nominated in the act—on behalf of whomsoever, being a party to the case, may be injured by the ruling of the circuit court. On such appeal, whether the error urged upon us be that of a wrong interpretation of the evidence, or a wrong finding upon the weight thereof, or an erroneous ruling upon the reception of evidence offered, it is plain we can look only to the error of the circuit court. We can not in a strictly legal sense weigh the alleged judicial errors of a non-judicial and merely administrative body. We can only so weigh the acts of courts. The Public Service Commission is not a court. If it were a court then its organization as such would be in the very teeth of the Constitution. [Sec. 1, art. 6, Constitu-

tion of Missouri; Constitution of Missouri, secs. 2 and 3, Amendment 1884.] If then the circuit court shall require the commission to receive evidence which such commission theretofore refused to receive, and if from the action of the circuit court an appeal be brought here (as may be done) on the theory that the commission was right and the circuit court was wrong, the inquiry is pertinent as to whose error is being reviewed here. Clearly, if error be present, it is strictly speaking the error of the circuit court. Such is the fundamental and underlying principle of appellate procedure. [Hall v. Harris, 145 Mo. 614.]

These conditions are presented then: (a) There may be an appeal in a case affirmed, where there would of necessity be no errors of the circuit court in ordering the admission of evidence; (b) there may be an appeal in a case wherein the circuit court for errors in refusing to admit relevant and competent evidence, reversed and remanded the case to the commission, and where the sole error committed would be that committed by the circuit court; and (c) we suggest *arguendo,* an appeal in a case wherein upon the facts adduced in evidence, the finding of the commission was erroneous as a matter of right and equity and good conscience.

In each of these three classes we would be unable to review the action of the trial court absent the evidence in the case. Under the rule in the appeal of civil cases, to which the plain letter of this statute relegates us for the appellate procedure which is to govern us, the evidence is not preserved for review unless through a bill of exceptions, kept alive by a motion for a new trial. [Thompson v. Child, 6 Mo. 162; St. Louis v. Lawton, 189 Mo. 474; Watson v. Pierce, 11 Mo. 358; Woodson v. McClelland, 4 Mo. 495; Keaton v. Keaton, 74 Mo. App. 174; Berry v. Rood, 209 Mo. 662; 29 Cyc. 739, 740.] And such motion is just as much a requisite

to an appellate review of the evidence in an equity case as it is in one at law. [Berry v. Rood, supra; Keaton v. Keaton, supra; Woodson v. McClelland, supra.] Absent a motion for a new trial, absent the bill of exceptions, and absent a bill of exceptions, no appellate review here can be had, which is based upon the evidence in 'he case, or upon errors in admitting or in refusing to admit evidence. However, in the instant case there is neither a motion for a new trial nor a bill of exceptions.

It is perhaps regrettable (if the desirability of uniformity referred to *infra* does not outweigh the regret), that an attempted simplification of the appellate procedure should thus come to naught. The trouble lies in the plain letter of the statute, which recognizing that appeals and appellate procedure "live and move and have their being" solely by virtue of statutes and not otherwise, yet plainly ordains that appeals in cases from the Public Service Commission "*shall be prosecuted as appeals from judgment of the circuit court in civil cases except as otherwise provided in this act,*" and then signally fails to provide any modification of the procedure, even by fair implication.

Pretermitting the question whether it is wise to have one sort of appellate practice in one kind of civil cases and another sort in all other kinds of civil cases, as likewise the question whether such a special practice would or would not contravene the provisions of section 53 of article 4 of the Constitution, we are yet compelled to say that absent a motion for a new trial, as in the instant case, we can review nothing but the record proper. Finding no error therein, we affirm the case. *Walker, J.,* concurs; *Revelle, J.,* not sitting.