THE STATE OF MISSOURI at the Relation of MIDWEST PIPE & SUPPLY COMPANY, a Corporation, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, a Corporation, Relators, v. GEORGE F. HAID, WILLIAM DEE BECKER AND SIMON G. NIPPER, Judges of the St. Louis Court of Appeals.—52 S. W. (2d) 183.

Court en Banc, July 7, 1932.

1094

*Wm. R. Schneider* and *Joseph J. Cooney* for relators.

*N. Murray Edwards* for respondents.

*Carter, Jones & Turney* and *George A. McNulty* for Jack Rabbit Candy Company and United States Fidelity and Guaranty Company, *amici curiae.*

HENWOOD, J.—This is an original proceeding in mandamus wherein relators seek to compel the St. Louis Court of Appeals to set aside its order dismissing the appeal in the case of Lena Bender, respondent, v. Midwest Pipe & Supply Company and American Mutual Liability Insurance Company, appellants, and to compel said court to hear said case and to render a decision therein on the merits.

Our alternative writ was issued, and respondents filed a demurrer to relator's petition, the ground of the demurrer being that the facts stated in the petition are not sufficient to authorize the issuance of a writ of mandamus.

From relators' petition we gather the following:

Lena Bender, widow of William Bender, filed with the Workmen's Compensation Commission her claim for death benefits against Midwest Pipe & Supply Company, employer of her deceased husband, and American Mutual Liability Insurance Company, insurer. The commission found against the claimant and awarded her no compensation, and on her appeal the case was certified to the Circuit Court of the City of St. Louis. On March 23, 1931, the February Term, 1931, of the circuit court, said court made findings of fact in favor of claimant and entered its judgment reversing the award of the commission and remanding the cause with direction to the commission to award claimant com-

pensation in the sum of $20 per week for a period of 300 weeks. On March 27, 1931, at the February Term, 1931, of the circuit court, the employer and insurer filed a motion for a new trial. On May 20, 1931, at the April Term, 1931, of the circuit court, the motion for a new trial was overruled. On May 26, 1931, at the April Term, 1931, of the circuit court, the employer and insurer filed an affidavit for an appeal and were allowed an appeal to the St. Louis Court of Appeals. Thereafter, within the time prescribed by law, said appellants filed in the St. Louis Court of Appeals a transcript of the record, in short form, consisting of a certified copy of the judgment of the circuit court and of said court's order allowing an appeal from said judgment. The cause was docketed for hearing in the St. Louis Court of Appeals on October 23, 1931, and within the time prescribed by law said appellants filed copies of their abstract of the record and of their brief in said court and delivered a copy of each to said respondent. On September 29, 1931, said respondent moved that the appeal be dismissed, on the ground that it was not taken during the February Term, 1931, of the circuit court, at which term the judgment was rendered, but during the April Term, 1931, of the circuit court, and on October 8, 1931, said motion was sustained and the cause dismissed. On October 13, 1931, said appellants moved that the order dismissing the appeal be set aside and that the cause be heard and considered on its merits, and on October 15, 1931, said motion was overruled.

On April 7, 1930, in the case of Dougherty v. Manhattan Rubber Mfg. Co., 325 Mo. 656, 29 S. W. (2d) 126, this court held, in effect, that, when an appeal is taken from a judgment of a circuit court in any proceeding under the Workmen's Compensation Law, the appellant must file a motion for a new trial and a bill of exceptions in order to obtain a review of the whole record in the appellate court, and that otherwise the appellate court's review is limited to the record proper, that is, the pleadings and the judgment. And decisions to this effect were rendered by the St. Louis Court of Appeals on January 7, 1930, in the case of Brocco v. May Department Stores Co., 22 S. W. (2d) 832, and by the Kansas City Court of Appeals on December 1, 1930, in the case of Lilly v. Moberly Wholesale Grocery Co., 32 S. W. (2d) 1099, both of said decisions being based on the holding of this court in the case of City of Macon v. Public Service Commission, 266 Mo. 484, 181 S. W. 396, that, in appeals from judgments of circuit courts in all proceedings under the Public Service Commission Law, the filing of a motion for a new trial and a bill of exceptions are necessary procedural steps for a review of the whole record in this court. On April 7, 1931, in the case of State ex rel. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44, we expressly

overruled the decision in the City of Macon case, and also expressly overruled the decisions in the Dougherty, Brocco and Lilly cases, and held that the record made in a compensation proceeding before the commission, including the evidence taken there, constitutes the record of the circuit court on appeal to that court, and that the filing of a motion for a new trial and a bill of exceptions are not necessary procedural steps for a review of such record of the circuit court on appeal from the judgment of that court, and that when the judgment of the circuit court is based on such record an appeal from such judgment must be taken during the judgment term of that court.

■ ■ I. The first question presented for our determination in this proceeding is whether relators as appellants in the Bender compensation case had the right to rely on the decisions in the Dougherty, Brocco and Lilly cases in taking an appeal from the judgment of the circuit court; or, in other words, whether this court's decision in the case of State ex rel. v. Haid, on April 7, 1931, operates retrospectively as to the Bender compensation case.

It seems necessary to quote extensively from our decision in the case of State ex rel. v. Haid, as follows:

"As respects the jurisdiction and authority conferred upon the circuit court, there is no essential difference or distinction between that conferred by the Public Service Commission Act and that conferred by the Workmen's Compensation Act, for it is obvious that neither act contemplates a *trial* in the circuit court, and that both acts contemplate and provide for a judicial *review* only in the circuit court acting as an intermediate court of review. [See Secs. 3342, 5234, 5237, R. S. 1929.] . . .

"Both the Public Service Commission Law and the Workmen's Compensation Act manifest the clear and certain intention of the lawmaking department of our State government to simplify the appellate procedure with respect to those controversies whereof the initial hearing and determination is vested in a nonjudicial or administrative body or commission, by providing for a judicial review of the final orders and decisions of such nonjudicial and administrative body to be had before an intermediate appellate court, which court acts, however, only as a court of review, and which intermediate court of review, by express legislative enactment, is without power or authority to try the controversy anew or *de novo*. . . . We therefore conclude that the former decision of this court in City of Macon v. Public Service Commission, 266 Mo. 484, should be expressly overruled.

"The overruling of our former decision in the City of Macon case should not disturb the rights of those litigants under the Public

Service Commission Law who have shaped their course of action in conformity with the rule of practice as laid down in the City of Macon case. The effect of our decision in the present case, overruling our former decision in the City of Macon case, is *prospective* only, and not retroactive, and our decision in the present case is not to be understood or held to affect the rights, positions, actions and procedure of parties litigant in proceedings under the Public Service Commission Law which are pending on motion for new trial in any of the circuit courts of the State, or in which appeals have been allowed and taken to this court at and during the term of the circuit court at which a motion for new trial was ruled, or in which a writ of error has issued from this court. The generally accepted rule is to the effect that the judicial construction of a statute by a court of last resort becomes as much a part of the statute as the text itself, and a subsequent change in the construction of a statute, by judicial decision of the court of last resort, is the same, in effect, as if the statute had been amended by legislative enactment. [Mountain Grove Bank v. Douglas County, 146 Mo. 42, 52.] Consequently, the courts have established and adopted the rule that, where a statute or law has received a given construction by a court of last resort, the rights, positions, and course of action of parties who have acted in conformity with, and in reliance upon, such construction of the statute are not in any wise impaired or disturbed by reason of a change in the construction of the same statute made by a subsequent decision of the court of last resort, in overruling its former decision, and the effect of the change in judicial construction is that it operates *prospectively,* and not retrospectively, in the same manner as though the statute or law has been amended by the Legislature. [7 R. C. L. 1010, and numerous decisions there cited.]

. . .

"Since the issuance of our alternative writ in the instant proceeding, and pending the submission thereof, Division Two of this court, in the case of Dougherty v. Manhattan Rubber Mfg. Co., 325 Mo. 656, 29 S. W. (2d) 126, has seemingly held (perhaps, only by way of implication) that the filing of a motion for new trial and a bill of exceptions in the circuit court are necessary and prerequisite procedural steps in order to present for appellate review the transcript of the matters, proceedings and evidence had and taken before the Workmen's Compensation Commission, and certified and returned to the circuit court for its review, by the Compensation Commission. As respects such holding and only to that extent, the decision of Division Two of this court in the Dougherty case, supra, must likewise be overruled. The decision of the St. Louis Court of Appeals in the compensation case of Brocco v. May

Department Stores Co., 22 S. W. (2d) 832, and the decision of the Kansas City Court of Appeals in the compensation case of Lilly v. Moberly Wholesale Grocery Co., 32 S. W. (2d) 1099, both of which decisions construe Section 44 of the Workmen's Compensation Act (Section 3342, R. S. 1929) contrary to our conclusion and decision herein, must also be overruled.''

As thus shown, we held in the case of State ex rel. v. Haid, that the method of taking an appeal from a judgment of a circuit court in a proceeding under the Public Service Commission Law is the same as in a proceeding under the Workmen's Compensation Law, and we overruled the decision in the City of Macon case relating to appeals from judgments of circuit courts in public service cases for the same reason that we overruled the decisions in the Dougherty, Brocco and Lilly cases relating to appeals from judgments of circuit courts in Workmen's Compensation cases. And, although we did not expressly hold in the case of State ex rel. v. Haid that our decision in that case should not operate retrospectively as to Workmen's Compensation cases in which litigants have followed the rule of practice laid down in the Dougherty, Brocco and Lilly cases, *such was the effect of said decision, and it cannot be otherwise understood,* for, in the express holding that said decision does not affect public service cases in which litigants have followed the rule of practice laid down in the City of Macon case the principles and authorities applied were shown to apply with equal force to Workmen's Compensation cases in which litigants have followed the rule of practice laid down in the Dougherty, Brocco and Lilly cases, and nothing was said in said decision to indicate that it should operate retrospectively as to such Workmen's Compensation cases.

It is conceded that the judgment of the circuit court in the Bender compensation case was rendered on March 23, 1931, during the February Term of said court; that the defendants in said case (relators here) filed a motion for a new trial on March 27, 1931, during said February Term; that, on May 20, 1931, during the April Term of said court, said motion was overruled; that, on May 26, 1931, during said April Term, defendants filed an affidavit for an appeal and were allowed an appeal to the St. Louis Court of Appeals; that defendants filed in said appellate court a timely transcript of said judgment and of the order granting said appeal; and that defendants filed in said appellate court timely copies of their abstract of the record and of their briefs and delivered a timely copy of each to the adversary party. According to Section 2114, Revised Statues 1929, of which we take judicial notice, the April Term, 1931, of the circuit court commenced on April 6, 1931, and as hereinabove stated the decision in the case of State ex rel v. Haid was rendered on April 7,

1931. So, it appears that, prior to the decision in the case of State ex rel. v. Haid, defendants in said compensation case filed a timely motion for a new trial during the judgment term of the circuit court, in conformity with the rule of practice laid down in the Dougherty, Brocco and Lilly cases. This having been done, the continuance of the motion for a new trial until the next term of the circuit court postponed the finality of the judgment for the purpose of an appeal therefrom, under the rule of practice laid down in the Dougherty, Brocco and Lilly cases, that is, the general rule of practice in civil actions. [See Sec. 3342, R. S. 1929, in connection with Sec. 1020, R. S. 1929, and cases cited thereunder.] And, as the method of taking an appeal from the judgment of the circuit court in said compensation case was not affected by the decision in the case of State ex rel. v. Haid, we must conclude that, upon the filing of the transcript of said judgment and of the order allowing said appeal in the St. Louis Court of Appeals, said court acquired jurisdiction of said compensation case.

II. One of the contentions in respondents' brief is stated thus: "No exceptions were saved to the overruling of said motion for a new trial and no bill of exceptions was filed and allowed in the trial court. Therefore, the respondents (St. Louis Court of Appeals) had no jurisdiction to review said appeal."

We have already shown why the appeal was taken under the old rule of practice laid down in the Dougherty, Brocco and Lilly cases, and how the St. Louis Court of Appeals acquired jurisdiction of said compensation case under that rule of practice. It must be conceded that, under that rule of practice, the record proper is reviewable in the absence of a bill of exceptions. The only question left is whether defendants in said case had the right to adopt the new rule of practice laid down in the case of State ex rel. v. Haid in perfecting the appeal, by not filing a bill of exceptions; if so, of course, the whole record is reviewable in the absence of a bill of exceptions. It is a well-settled rule that, if before final decision in a case a new statute as to procedure goes into effect, it must from that time govern and regulate the proceedings. [Clark v. Railroad, 219 Mo. 524, 118 S. W. 40.] And a like result is produced by a change in the construction of a statute relating to procedure by a court of last resort. [Bank v. Douglas County, 146 Mo. 42, 47 S. W. 944.] It seems clear, therefore, that the review of said case by the St. Louis Court of Appeals is controlled by the new rule of practice laid down in the case of State ex rel. v. Haid, and that the whole record is reviewable in the absence of a bill of exceptions.

■ It follows that the order of the St. Louis Court of Appeals dismissing the appeal in said case should be set aside, and that said

court should hear and consider said case on its merits. And the authority of this court to compel such action on the part of the St. Louis Court of Appeals by a writ of mandamus cannot be questioned. [State ex rel. v. Trimble, 303 Mo. 284, 258 S. W. 696.]

A peremptory writ of mandamus is awarded. All concur.