STATE OF MISSOURI at the relation of ALBERT BOND LAMBERT, LOUIS NOLTE, JOHN J. NANGLE, JOHN H. GLASSCO, EDWARD R. HANDLAN, JAMES J. MORAN and HARRY J. POWELL, Members of and Constituting the Board of Trustees of the Police Retirement System of the City of St. Louis, Relators, v. EUGENE L. PADBERG, Judge of the Circuit Court of the City of St. Louis, Presiding in Division No. 3 thereof.—145 S. W. (2d) 123.

Court en Banc, December 3, 1940.

*E. H. Wayman* and *Francis Finley* for relators.

*Carl M. Dubinsky, Jerome F. Duggan* and *Alroy S. Phillips* for respondent.

CLARK, J.—Original proceeding in prohibition to prevent the Circuit Court of the City of St. Louis from proceeding further in a pending case brought in that court by one Francis G. Cook, a police officer, against the Board of Trustees of the Police Retirement System of said city for the recovery of allowances alleged to be due him under Article II, Chapter 51, Revised Statutes 1929 (Secs. 8906-8918, R. S. 1929, Mo. Stat. Ann., secs. 8906-8918, pp. 6258-6276).

These statutes were enacted in pursuance to the authority conferred on the General Assembly by Section 48a of Article IV of our Constitution, to provide for the pensioning of members of any organized police force. They provide a detailed and comprehensive plan of pensions for members of the police department of the city of St. Louis. The general administration and proper operation of the system are vested in a Board of Trustees with power to establish rules and regulations not inconsistent with the provisions of the Act. The necessary funds are provided by deducting certain percentages from

the pay of members, supplemented by appropriations from the City's funds.

Various benefits are provided, to be computed in a specified manner and the amount dependent on the age, length of service and accumulated contributions of the member. Subdivision (5) of Section 8911, supra, is as follows: "Upon application of a member of the board of police commissioners any member who has become totally and permanently incapacitated for duty as the natural and proximate result of an accident while in the actual performance of duty at some definite time and place through no negligence on his part, shall be retired by the board of trustees *provided* that the medical board shall certify that such member is mentally or physically incapaci- .tated for further performance of duty, that such incapacity is likely to be permanent and that such member should be retired." Other portions of the Act set forth the method for computing benefits for accidental disability.

The Board of Trustees, as relators, in their petition allege, among other things, that: the said Cook filed his suit in the circuit court on March 18, 1938, alleging that he was shot and totally and perma- nently disabled while in the discharge of his duties as a policeman; that his original petition failed to allege that a member of the board of police commissioners had made application to the Board of Trustees that said Board might consider his claim for accidental dis- ability benefits as provided by said Section 8911, and failed to allege his claim had been considered by the Board; that his petition prayed the court to require the Board to pay him accidental disability bene- fits; that relators filed a demurrer to said petition which was, on November 10, 1939, sustained by the judge then presiding over the division of circuit court in which said cause was pending; that on November 24, 1939, the said Cook made demand upon the members of the board of police commissioners that they comply with subdivision (5) of said Section 8911 by referring his claim to the Board of Trustees; that the board of police commissioners referred the claim to relators, as such Board of Trustees, and relators set the claim for hearing on February 20, 1940, and gave due notice to the plaintiff, Cook; that on that day Cook appeared by counsel and requested further time; that the hearing was continued to March 5, 1940, and due notice given to Cook; that on March 5 when relators met to hear the claim they were informed by Cook's attorney that he would not offer any proof; that relators set the hearing for March 12, 1940, and again gave notice; that on March 11, Cook filed an amended petition in the circuit court which, in addition to praying that rela- tors be required to pay the claim, asked that relators be enjoined from proceeding to hear it; that the respondent, judge of said circuit court, issued a temporary injunction against relators, overruled ob- jections to the jurisdiction of said court, filed by relators, and set

said cause for hearing on April 25, 1940; relators also make certain allegations as to matters of law, and attach as exhibits the objections to jurisdiction which they filed, the amended petition filed by plaintiff, and the order made by the circuit ocurt.

We issued our preliminary rule in prohibition and respondent, circuit judge, has made return: reciting the filing of the original petition by Cook; the order sustaining a demurrer; the filing of an amended petition by Cook and objections to jurisdiction by relators (both being set out in full); and the granting of a temporary injunction. The return then states that it appears ''from the pleadings on file'' that the relators refused to pay said Cook the benefits to which he was entitled; that at the time of the institution of the suit relators were governed by the statutes above mentioned which did not provide the remedy to be pursued by a claimant for benefits; that an amendment to Section 8910, supra, enacted by the General Assembly in 1939 (Session Acts 1939, p. 619) does not apply to the instant case because enacted after the institution of said suit; further, that said amendment is void because in conflict with certain sections of the State and Federal Constitutions.

The 1939 amendment, referred to in the return, was approved June 12, 1939, and amends Section 8910 by adding to subdivision (6) thereof the following: ''The board of trustees shall have exclusive original jurisdiction in all matters relating to or affecting the funds herein provided for, including, in addition to all other matters, all claims for annuities, benefits, refunds or pensions under this Act, and its action, decision or determination in any matter shall be reviewable by the common law writ of certiorari only, and any party to such certiorari proceedings shall have a right of appeal from the decision of the reviewing court.'' It will be noted that this amendment was enacted and became effective after Cook filed his original petition and before he filed his amended petition.

Upon the filing of respondent's return, relators filed a motion for judgment on the pleadings.

Relators contend: that, even prior to the 1939 amendment, relators had exclusive original jurisdiction to hear claims for benefits; that the 1939 amendment applies to the instant case because it pertains to procedure and must be followed after its effective date even in pending cases; that Cook did not come into a court of equity with clean hands.

Respondent contends: that prior to the 1939 amendment the Act provided no remedy and the allowance could be recovered in a civil action in the circuit court; that the amendment of 1939 is inapplicable to the pending case; that said amending Act is unconstitutional, and that plaintiff has no adequate remedy at law.

Assuming, but not deciding, that the 1939 amendment relates to a matter of procedure only, we do not think it is applicable to a

1088

pending case. On this point relators cite: State ex rel. Renick v. St. Louis County Court, 38 Mo. 402; State ex rel. v. Haid, 330 Mo. 1093, 52 S. W. (2d) 183; Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S. W. (2d) 3; State ex rel. King v. Board of Trustees, 192 Mo. App. 583, 184 S. W. 929.

In State ex rel. Renick v. St. Louis County Court, a statute conferred jurisdiction on the county court to appoint a guardian for, and manage the estate of, a habitual drunkard. The county court appointed a guardian and entertained proceedings to sell real estate. Before these proceedings were concluded, another Act was passed by the General Assembly conferring such jurisdiction on probate courts. Objections were made to the jurisdiction of the county court and it' refused to proceed further. By mandamus this court compelled it to continue to exercise jurisdiction, holding that there was nothing in the later Act showing intention to confer exclusive jurisdiction on the probate court. This court cited with approval the case of Commonwealth v. Hudson, 11 Gray, 65, in which it was said that in order to divest a court of jurisdiction there must be words of limitation, either by using the word "exclusive" or by repealing the former Act. Relators in the instant case argue from this that, since the 1939 amendment does use the word "exclusive," it ousts the circuit court of jurisdiction to proceed further in the pending case. We do not understand such to be the effect of the holding in the Renick case or the case cited therein. In Commonwealth v. Hudson the court was not speaking of a case which was already pending at the time the law was changed, but of future cases. In State ex rel. Renick v. County Court, this language was used: "Where a tribunal originally obtains and exercises jurisdiction, that jurisdiction will not be overturned and impaired by any legislative enactment unless express prohibitory words are used. Indeed, it has been held by high authority, and the doctrine is well supported by reason, that jurisdiction depends on the state of things at the time the action is brought; and if the circumstances be such then as to vest jurisdiction, the same cannot be ousted by any subsequent event." (Citing cases.)

State ex rel. v. Haid, supra, was a Workmen's Compensation case in which a motion for new trial was filed and the cause continued to the next term, when the motion was overruled and appeal taken. Before the case was submitted to the Court of Appeals, the Supreme Court had changed its ruling and held that no motion for a new trial was necessary in such cases and would not carry the case beyond the term at which judgment was rendered. The Court of Appeals refused to hear the case because it was not appealed during the term at which final judgment was rendered. By mandamus, we compelled the court to exercise jurisdiction, holding: that a judicial construction of a statute becomes a part of, and in effect an amendment to,

the statute; and a change of construction on a procedural matter acts prospectively only.

Aetna Ins. Co. v. O'Malley, supra, merely holds that a procedural statute governs a pending action *from the effective date of the Act.* State ex rel. v. Board of Trustees, supra, does not touch the point now under consideration.

We regard the cases cited by relators on this point as direct authority against their contention that the 1939 amendment has the effect of ousting a circuit court of jurisdiction properly acquired of a suit before the effective date of the amendment. This question was decided by this court in Mott Store Co. v. Railroad, 254 Mo. 654, 163 S. W. 929. There we considered an Act of the General Assembly by which certain counties were taken out of the St. Louis Court of Appeals district and placed in the Sprinfield Court of Appeals district. The Act made no provision for the transfer of causes already appealed from the circuit court of one of the counties so transferred and then pending in the St. Louis Court of Appeals. We held that, since the Act did not expressly transfer pending causes, the St. Louis court should continue to exercise jurisdiction of such causes until final determination. [See, also, Tackett v. Vogler, 85 Mo. 480; Lackland v. Walker, 151 Mo. 210, 52 S. W. 414.]

Whether the circuit court obtained jurisdiction of Cook's suit must be determined by the state of the law at the time he instituted his suit. This makes it unnecessary for us to pass on the constitutionality of the 1939 amendment.

In our view the determinative question in this case is: Had a right of action accrued to the plaintiff, Cook, so as to give the circuit court jurisdiction at the time he filed his suit? If this question be answered in the negative, as we hold it must, then it is unnecessary for us to pass upon any other point made by the parties. It clearly appears from the record that at the time the plaintiff, Cook, filed his original petition on March 18, 1938, he had never submitted his claim to the relators constituting the Board of Trustees. His original petition makes no mention of any such application. His amended petition states "that prior to June 7, 1938" he requested the board of police commissioners to submit his claim to the Board of Trustees. The petition of relators filed in this court states that Cook made his application to the board of police commissioners on November 24, 1939; that the board of police commissioners referred the claim to relators; and that Cook not only refused to submit proof to relators, but obtained an injunction preventing them from passing on the claim. These facts are corroborated by Cook's amended petition and are not denied by respondent's return.

Relators are trustees of the fund in their charge. They have no right, and cannot be compelled, to pay out a dollar of the fund until all statutory conditions precedent have been complied with. The

statutes provide: that such a claim must be submitted to relators by the board of police commissioners; that the medical board shall certify that the member is mentally or physically incapacitated for further performance of duty and that such incapacity is likely to be permanent. Then, and not until then, the relators have the duty to investigate the claim and determine and compute the sum, if any, to which the claimant is entitled. Until these statutory requirements have been met no cause of action accrues to the claimant to compel the payment of his claim.

The case of State ex rel. Lambert v. O'Malley (Mo. App.), 121 S. W. (2d) 228, is cited by the respondent and also by relators. In that case the St. Louis Court of Appeals passed upon the same statutes now under consideration in the instant case. That court held that, prior to the 1939 amendment, the circuit court had jurisdiction of an action at law to recover the disability benefits provided by said Act, but the opinion shows that the claimant had complied with all the statutory requirements prior to the institution of this suit. In the course of the opinion the court said: "To be sure the board must make a finding of facts whenever such an application is filed with it in order to satisfy itself as to what its own official conduct shall be. In other words, the act itself provides what the right of the member and the correlative duty of the board shall be in certain contingencies, and when it is claimed by a member that a certain contingency has arisen, then the board as the body charged with the administration of the act is called upon to make an investigation of the claim for the purpose of ascertaining what the facts may be upon which the law shall operate." We understand from this and other expressions in the opinion that the court held the view that no right of action accrued to a claimant until his claim had been presented to and passed upon by the Board. Thus interpreted, the opinion is in harmony with the recent decisions of this court. [State ex rel. v. Ridge, 345 Mo. 1096, 138 S. W. (2d) 1012; Glencoe Lime & Cement Co. v. City of St. Louis, 341 Mo. 689, 108 S. W. (2d) 143.] In the latter case we said: ". . . plaintiff should have pursued the remedy provided by ordinance before seeking relief in equity. If so, plaintiff should have alleged and proved that it exhausted said remedy before seeking such relief."

For the reasons stated, our provisional rule in prohibition should be made absolute. It is so ordered. All concur.