Louis McCOY, Appellant,

v.

STATE DEPARTMENT OF PUBLIC
HEALTH AND WELFARE,
Respondent.

No. 22120.

Kansas City Court of Appeals. Missouri.

Oct. 4, 1954.

Clyde O. Bowles, Jr., Kansas City, for appellant.

John M. Dalton, Atty. Gen., Paul Mc-Ghee, Asst. Atty. Gen., for respondent.

BROADDUS, Judge.

Appellant, Louis McCoy, on November 24, 1952, applied to the Jackson County Welfare Office for aid to dependent children. His application was based upon Section 208.040 RSMo 1949, as amended, Laws of 1951, p. 756, V.A.M.S. Said section provides in part that aid to dependent children benefits shall be granted with respect to any child who has been deprived of parental support or care by reason of death, continued absence from the home, or physical or mental incapacity of a parent, "and financial aid for such child is necessary to save him from neglect and to secure for him proper care in such home".

Applicant's application was approved on December 9, 1952, but on January 23, 1953, appellant was removed from the aid to dependent children rolls. At his request a hearing was conducted by a referee for the State Department of Public Health and Welfare (respondent.) The evidence presented at said hearing was transcribed and was thereafter reviewed by the Director of said Department. On June 24, 1953, he rendered a decision affirming the action of the Jackson County Welfare Office in removing appellant from the rolls. Appellant duly appealed from the Director's decision to the Circuit Court of Jackson County and that Court, reviewing the aforesaid record, affirmed the Director's order. From said judgment the appellant appealed to this Court.

Based upon "the entire record and evidence" in the case the Director made the following "Findings of Fact":

"Claimant, 50 years of age, lives at 3311 East 19th Street, Kansas City, Missouri. Claimant's wife died in March, 1951. Claimant was erroneously placed on the aid to dependent children rolls in December 1952, and his case was closed when the case was checked and it was found there was a child 16 years of age or older who could care for the children. Claimant is the father of ten children, ranging in age from 3 years to 20 years. Only seven of the children are living at home with him. The oldest child at home is a girl seventeen years of age, and the youngest child at home is eleven years of age. One son is in the armed services. The two youngest children are being kept by relatives in the Carolinas. For the past two years claimant has been sub-renting the upper story of his house for $40.00. The total rent for the house is $90.00 per month, which claimant pays by adding $50.00 to the rental he receives for the upper story. Two women live in the rented part of the house, one of whom is always at home. The evidence showed that the cooking and housework is being done by claimant and his 17 year old daughter with the additional help of the other children. Only two meals are prepared each day. Sometimes the daughter prepares the meal, sometimes the claimant, and sometimes both work together. Claimant's daughter stated that she had been caring for the other children when her father was not there. Claimant receives a government pension of $180.00 per month. He also does odd jobs, from which he receives $35.00 to $40.00 per month. The son who is in the armed services sends home a $50.00 bond each month. Claimant estimates that since he has been in the service he has sent home twenty-four bonds. Claimant states that every now and then he cashes a bond and uses the

money. His contention is that he is unable to secure and hold a regular job because it is necessary for him to stay at home and care for the children. He stated that five of his children attend a grade school on what they referred to as a split shift basis—going to school early in the morning and returning home at half past twelve, but the evidence showed this to be true for only part of the last school year and will not be true at all during the coming school year. The welfare worker testified that from the interview with claimant the welfare office secured no information showing that claimant had ever done any work other than odd jobs since his discharge from the Army in 1946. Claimant named several jobs he is supposed to have had, but they were of such short duration that they could be considered nothing but odd jobs. It is found claimant is not needed in the home to care for the children, and that financial aid is not necessary for such children to save them from neglect and to secure for them proper care in the home."

Appellant contends that "the decision of the Director was arbitrary and unreasonable and the decision of the Circuit Court affirming the Director's action should be reversed and the proceedings remanded for redetermination of the issues by the Director."

The statute, sec. 208.100, regulating the procedure upon appeal to the circuit court in cases of this kind provides that the court "shall determine whether or not a fair hearing has been granted the applicant" and whether the decision of the director "was arbitrary and unreasonable".

In determining whether an applicant is eligible for public assistance the statute, sec. 208.010, requires that the Director take into account all facts and circumstances surrounding the applicant "and if from all the facts and circumstances the applicant is not found to be in need, assistance shall be denied."

It has been repeatedly held in cases of this kind that if there was substantial evidence before the Director to support his decision it cannot be disturbed on appeal as being arbitrary and unreasonable. Brattin v. State Social Security Commission, Mo.App., 194 S.W.2d 536.

And it must be borne in mind that when an application is made for public assistance the burden of proving the right to receive benefits rests upon the applicant. Linton v. State Department of Public Health, etc., Mo.App., 252 S.W.2d 841.

If there was substantial evidence to support the Director's finding, it is binding upon this Court, even though we might have decided it differently had we been the original triers of the facts. Linton case, supra.

There is not, nor could there be, any contention made that the hearing before the Referee was not conducted in a "fair" manner. Appellant was present in person and represented by an attorney. He was fully advised of the purpose of the hearing and was permitted to submit all the testimony he desired to offer.

Therefore, the issue presented is whether the Director was arbitrary and unreasonable in deciding that the two older children are capable of caring for the other children during the time interval between school dismissal and the arrival home of the father from a full time job, and, was the Director justified in determining that appellant is not required to stay at home to care for his children, and, therefore, able to hold down a regular job?

Eligibility in this case is based upon whether or not the children have been deprived of parental support or care by reason of the death of the mother, and *financial aid is necessary to save the children from neglect and to secure for them proper care in the home*. The fact that appellant says he needs $400 per month to feed and clothe his children as he would like to do has nothing to do with his eligibility. The oldest child, Shirley Ann, was almost eighteen years of age at the time of the hearing. The second, Freddie, was sixteen. During the school year the children leave home in the mornings at 8:15 or 8:30 and return from school about four o'clock. Of course, during the periods the children are in school there is no necessity for appellant to stay at home. Shirley Ann testified that her father works two or three days a week and when he is not there he leaves the children in her care, and that she has been caring for them since her mother's death. Is it unreasonable to believe that seventeen year old children are capable of looking after their younger brothers and sisters? We find nothing in the record to show that appellant does anything in the home that is not being done or cannot be done by Shirley Ann. Both admit that she cooks the meals and takes care of the house. Naturally when her father is at home he "pitches in" and helps her.

A careful study of the transcript convinces us, as it did the Director, that it was not shown that the children were, in fact, suffering from neglect or lack of proper care. There is merit in the position taken by respondent and thus expressed in its brief: "Appellant should himself be working just as every other able-bodied man in Missouri is required to do, before he asks the taxpayers to support his children. It certainly should not be the public policy of Missouri to encourage an able-bodied man to lounge around the house all day while his children are in school, upon the pretext that the children need him at home."

We are bound to conclude, as did the learned circuit judge, that the finding of the Director was not arbitrary or unreasonable and that there was substantial evidence to support it.

The judgment is affirmed.

All concur.