Mary J. AMBROSE, Appellant,

v.

STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE, Respondent.

No. 22834.

Kansas City Court of Appeals.

Missouri.

Dec. 15, 1958.

Claude T. Wood, Richland, for appellant.

John M. Dalton, Atty. Gen., James B. Slusher, Asst. Atty. Gen., for respondent.

HUNTER, Judge.

This is an appeal by Mary J. Ambrose, claimant-appellant, from an adverse decision on her application for aid to dependent children benefits. She has three children ranging from 8 to 15 years of age. She applied for aid to dependent children benefits on December 20, 1955. Her application was rejected on January 3, 1956, on the stated basis that she had made a transfer of property without receiving fair and valuable consideration. From that decision she appealed to the Director of the State Department of Public Health and Welfare, who on March 29, 1956, after a hearing, in substance held that public assistance benefits could not be paid to any claimant who had made an assignment or transfer of property without receiving a fair and valuable consideration and that fair and valuable consideration should not include loans or other advancements made by a relative to claimant. On appeal from that decision to the circuit court, that court on December 9, 1957, reviewed the cause as provided by statute, (Sec. 208.100 RSMo 1949, V.A.M.S.) and entered judgment affirming the decision and order of respondent's director.

There is no factual dispute involved. On June 7, 1955, appellant conveyed 160 acres of farm land to her sister, the consideration being that from 1950 to 1952 her sister had loaned her money to live on, to pay necessary doctor bills and other stated items. The farm in question is of a value of about $3,000.

Respondent's director, after accepting as true that claimant's sister had bona fide loaned money to claimant as stated, made his mentioned finding.

In 1955 the applicable portion of the statute on the subject, Section 208.010 provided: * * * "Benefits shall not be payable to any claimant who: (1) Has made, or whose spouse with whom he is living has made, an assignment, conveyance or transfer of real or personal property or any interest therein of any value within five (5) years preceding the date of the investigation without receiving fair and valuable consideration for said property * * *. *'Fair and valuable consideration'* as used herein means money or real or personal property received at the time of the transaction approximately equal to the market value of the property

assigned, conveyed or transferred, and *shall not for the purpose of this act be construed to include support, services, loans or other advancements made or to be made by a relative to a claimant.*" Laws, 1955, page 688, sec. 1. Italics ours.

On June 14, 1957, that section of the statute was amended to read as follows: * * * "Benefits shall not be payable to any claimant who: (1) Has made, or whose spouse with whom he is living has made, an assignment, conveyance or transfer of real or personal property or any interest therein of any value within five (5) years preceding the date of the investigation without receiving fair and valuable consideration for said property * * * 'Fair and valuable consideration' as used herein means money or real or personal property received at the time of the transaction approximately equal to the market value of the property assigned, conveyed or transferred, and shall not for the purpose of this act be construed to include support, services, or other advancements made or to be made by a relative to a claimant. *A payment of a loan to a relative may be recognized and eligibility not affected if the claimant can establish to the satisfaction of the Division of Welfare that the loan was bona fide and the proceeds of the loan was used by the claimant for his or his dependents' support or benefit.*" Laws, 1957, page 694, sec. 1. Italics ours. The italicized portion of the 1957 enactment is the amendment in question on this appeal.

The 1957 amendment was in effect at the time of the hearing in the circuit court but was not in effect at the time of the hearing before the State Department of Public Health and Welfare.

Both appellant and respondent agree the sole question to be decided on this appeal is whether or not the mentioned 1957 amendment to Section 208.010 is substantive law in which event it is to give effect only prospectively, or is procedural and thus is to be retroactively applied. Cf.

Sullivan v. State Department of Public Health & Welfare, Mo.App., 295 S.W.2d 190; Anson v. Tietze, 354 Mo. 552, 190 S.W.2d 193, 198; State ex rel. Midwest Pipe & Supply Co. v. Haid, 330 Mo. 1093, 52 S.W.2d 183.

■ The scope of review in this kind of case is not unlimited, and is established and defined by statute. The review in the circuit court is "upon the record of the proceedings had before and certified by the director". Sec. 208.100, subd. 4. Appeals from the circuit court are likewise upon the record in the same manner as appeals from the director to the circuit court. Sec. 208.110. Remand to the director is authorized if the court decides "that a fair hearing and determination of applicant's eligibility and rights under this law was not granted * * * or that his decision was arbitrary and unreasonable." Sec. 208.100, subd. 5; Ellis v. State Department of Public Health & Welfare, 365 Mo. 614, 285 S.W.2d 634.

The director and circuit court denied appellant's right to state aid for the sole and stated reason that the 1957 amendment was substantive in nature rather than procedural, and that therefore the law as it existed prior to that amendment controlled and prevented claimant from being eligible under the application then pending for the requested aid to dependent children benefits. Appellant agrees that the director's and circuit court's decision is correct if the amendment is one of substantive law but asserts it is a procedural change and not one of substantive law.

If the director and the circuit court misconstrued the applicable law as appellant claims, so as to deny to claimant her otherwise right at that time under her pending application to the state aid money such decision would be arbitrary, unreasonable, and not a fair hearing. We, therefore, are authorized to review the contention of appellant to determine whether or not the director and the trial court erroneously determined that the 1957 amendment in

question was substantive rather than procedural in nature.

◼ Aid to dependent children is a gratuity of the state which may be granted by the legislature by statute upon such terms and conditions as it may deem proper. Ellis v. State Department of Public Health and Welfare, Mo.App., 277 S.W.2d 331, affirmed 365 Mo. 614, 285 S.W.2d 634.

◼ The applicant, or claimant, for such state aid has the burden of proving that he comes within the terms and conditions of the particular statute, and is eligible thereunder for its benefits. Ellis v. State Department of Public Health and Welfare, supra; McCoy v. State Department of Public Health and Welfare, Mo.App., 271 S.W.2d 788.

Under the terms and conditions of the statute as it existed under the 1955 act a claimant of aid to dependent children was ineligible to receive such aid if he had made the conveyance of real property within five years without receiving fair and valuable consideration for it, and fair and valuable consideration within the statutory definition of that term meant money or real or personal property received at the time of the transaction approximately equal to the market value of the property conveyed and not to include support, services, loans or other advancements made or to be made by a relative to a claimant. Laws, 1955, page 688, sec. 1. In other words, to place or keep himself within the eligibility requirements; i. e., the terms and conditions of the statute, if he had conveyed the property within the prescribed five year term it must not have been to a relative for support, services, loans or other advancements made or to be made. This is the plain effect of the statute. The 1957 amendment changed this. It provided that a payment of a loan to a relative (by such transfer) would not affect a claimant's eligibility if claimant establishes that the loan was bona fide and that the proceeds of the loan were used by the claimant for his or his dependents' support or benefit.

"Substantive law" is a term that frequently has been defined and contrasted with procedural or adjective law. An accepted definition is that substantive law is law which creates, defines and regulates rights as opposed to adjective law which pertains to and prescribes the practice, method, procedure or legal machinery by which substantive law is enforced or made effective. See Barker v. St. Louis County, 340 Mo. 986, 104 S.W.2d 371, 378; Maurizi v. Western Coal and Mining Co., 321 Mo. 378, 11 S.W.2d 268, 272.

◼ We believe it to be at once apparent that the 1957 amendment is one of substantive law, and not a mere rule of evidence of a procedural nature as appellant urges in her brief. The amendment changes the requirements for eligibility for the state aid requested. It removes one of the eligibility conditions; namely, that the transfer must not be to a relative of claimant for support, services, loans or other advancements made or to be made, and in lieu thereof provides such a transfer does not affect eligibility *if* claimant establishes (1) the loan was bona fide, and (2) its proceeds were used by claimant for his or his dependents' support or benefit. The requirements that the loan was bona fide and that the proceeds thereof were used by claimant for his or his dependents' support or benefit are essential and new elements necessary to a claimant's right to recover the benefit under the terms of the statute as amended in 1957. Cf. Redick v. M. B. Thomas Auto Sales, 364 Mo. 1174, 273 S.W.2d 228, 233–234. Proof of those elements are of the very substance of claimant's case. The statutory amendment of 1957 in its final analysis changes and defines differently the conditions of eligibility and right to the benefit, and in accordance with the controlling principles is substantive law rather than procedural law.

Appellant has presented her appeal on the basis that if we determine the amendment is substantive in nature rather than procedural we are to affirm the judgment of the trial court affirming the order of the Director of the State Department of Public Health and Welfare. Accordingly, the judgment of the circuit court affirming the order of the Director of the State Department of Public Health and Welfare, and that latter order are hereby affirmed. It is so ordered.

All concur.