**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert Scott MARTIN,
Defendant-Appellant.**

**No. 13054.**

Missouri Court of Appeals,
Southern District,
En Banc.

Jan. 18, 1983.

John D. Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, Gary C. Riley, Shafer, Gilliland, Davis, McCollum & Ashley, Odessa, Tex., for defendant-appellant.

PER CURIAM.

On January 12, 1982, defendant was convicted of murder and sentenced to life imprisonment. On January 14, 1982, his notice of appeal was filed in the circuit court and on January 18, 1982, it was received by the Supreme Court of Missouri. The legal file was filed in the supreme court on January 25, 1982, and the transcript on October 8, 1982.

On November 2, 1982, the voters of Missouri approved an amendment to Mo. Const. Art. V, § 3.* The amendment deleted from the supreme court's jurisdiction appeals when the punishment imposed is imprison-

---

\* Prior to the amendment Art. V, § 3 read: "The supreme court shall have exclusive appellate jurisdiction in all cases involving the validity of a treaty or statute of the United States, or of a statute or provision of the constitution of this state, the construction of the revenue laws of this state, the title to any state office and in all cases where the punishment imposed is death or imprisonment for life. The court of appeals shall have general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court." The only change in the amendment was the absence of "or imprisonment for life".

ment for life. That amendment became effective at the end of thirty days after the election. See Mo. Const. Art. XII, § 2(b). On December 2, 1982, defendant's brief was filed. On December 3, 1982, the supreme court, on its own motion, entered an order transferring the case to this district "in which jurisdiction is vested".

We are obligated to determine if we have jurisdiction. *Bebee v. State,* 619 S.W.2d 363 (Mo.App.1981). A transfer order is not an adjudication that we have jurisdiction and does not preclude us from reexamining that issue and transferring the cause back to the supreme court if we do not have jurisdiction. *Collector of Revenue v. Parcels of Land,* 566 S.W.2d 475, 476 (Mo. banc 1978); *Schmidt v. Morival Farms,* 232 S.W.2d 215, 217–218 (Mo.App.1950). The decisions of the supreme court and its construction of the Missouri constitution, including its determination of our jurisdiction, are binding upon us, but we draw our jurisdiction from the constitution and if it appears that the case is within the exclusive jurisdiction of the supreme court, a transfer cannot impart jurisdiction upon this court. *Carroz v. Kaminski,* 452 S.W.2d 312, 313 (Mo.App.1970); *Schmidt v. Morival Farms,* supra, 232 S.W.2d at 217–218.

In *State v. Garrett,* 595 S.W.2d 422 (Mo. App.1980), the defendant was sentenced to life imprisonment. His notice of appeal was filed on December 19, 1978. Effective January 2, 1979, exclusive jurisdiction of appeals from a sentence of life imprisonment was conferred upon the supreme court under an amendment to Mo. Const. Art. V, § 3. Based upon uniformity of the decisions that have considered it, this district concluded that the appellate court that has jurisdiction on the date the notice of appeal was filed continues to have jurisdiction to conclude the matter. *Garrett* was retained here. The supreme court denied transfer.

*Garrett* cites numerous cases holding that the time of the filing of the notice of appeal is the determinative factor in deciding what appellate court has jurisdiction when jurisdiction has been changed. Several other cases also indicate that this is the proper way to make that determination.

Jurisdiction is established as of the date of appeal, *Trokey v. United States Cartridge Co.,* 214 S.W.2d 526, 528 (Mo. 1948); events which happened subsequent to the notice of appeal cannot confer jurisdiction on an appellate court, *Platies v. Theodorow Bakery Company,* 334 Mo. 508, 66 S.W.2d 147, 148 (banc 1933); *Hogue v. Wurdack,* 292 S.W.2d 576, 577 (Mo.1956); *Stuart v. Stuart,* 320 Mo. 486, 8 S.W.2d 613 (1928); occurrences after an appeal is filed do not divest the Missouri Supreme Court of jurisdiction. *Shroyer v. Missouri Livestock Commission Co.,* 332 Mo. 1219, 61 S.W.2d 713, 716 (banc 1933). See also *State v. McKnight,* 486 S.W.2d 415, 416 (Mo.1972); *Garrett v. State,* 486 S.W.2d 272, 273 (Mo. 1972); *Brown v. State,* 485 S.W.2d 424, 426 (Mo.1972); *Papin v. Papin,* 475 S.W.2d 73, 74 (Mo.1972), *Lange v. St. Louis Public Service Co.,* 361 Mo. 74, 233 S.W.2d 641, 642 (1950).

A statute depriving an appellate court of jurisdiction does not operate retrospectively to divest that court of jurisdiction of causes then pending before it and vest another court with jurisdiction of those matters unless such intention is clearly expressed in the act. *Mott Store Co. v. St. Louis & S.F.R. Co.,* 254 Mo. 654, 163 S.W. 929, 931 (1913). See also *State ex rel. Lambert v. Padberg,* 346 Mo. 1082, 145 S.W.2d 123, 126 (banc 1940). No such intent is contained in the recent amendment to Mo. Const. Art. V., § 3.

We are unable to find any basis in the reported decisions that would support a determination that we have jurisdiction here. We conclude that only the supreme court has appellate jurisdiction where a life sentence is assessed and the notice of appeal is filed before December 3, 1982.

This case is ordered transferred to the supreme court.

All concur.