**PUBLIC LOAN CORPORATION OF WARREN, Plaintiff-Appellant, v. JACOBS, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3817.  Decided November 18, 1955.

Morris Mendelssohn, Youngstown, for plaintiff-appellant.
Donald J. DelBene, Warren, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

Plaintiff, a small loan Ohio finance corporation, obtained judgment for $950.00 in the Municipal Court of Youngstown against defendants, James B. Russell and his wife, Helen Russell, as makers and Frank Jacobs as a co-maker on a cognovit note for $950.00 dated August 4, 1953.

Plaintiff filed its judgment in the Lien Docket of Trumbull County, and on two occasions attached the wages of defendant Jacobs.

Defendant Jacobs filed a motion to vacate this cognovit judgment and also an answer. Plaintiff then filed a motion directed against the motion to vacate the judgment and a demurrer directed against the answer of Frank Jacobs.

After overruling plaintiff's demurrer to the answer of defendant Jacobs that court rendered judgment "upon the verdict and/or decision of the court in favor of defendants Frank Jacobs and Helen Russell and for plaintiff against defendant James Russell."

Plaintiff appealed to this court on questions of law from that judgment.

By assignments of error plaintiff claims:—

"1. That the judgment of the court in rendering judgment for defendant Frank Jacobs is contrary to law.

"2. That the judgment of the court in rendering judgment for the defendant Frank Jacobs is against the decided and manifest weight of the evidence.

"3. That the judgment of the court in rendering judgment for the defendant Frank Jacobs is not sustained by any evidence.

"4. For any other errors committed by the court which occurred during the trial of the case and as shown in the record and excepted to by the plaintiff."

By answer defendant Jacobs admitted the execution without consideration of the cognovit note as co-maker at the request of defendant, James B. Russell, principal maker; and states that the judgment obtained against him was by fraud and is therefore void. Defendant Jacobs further alleges in his answer:—

"* * * That sometime prior to said judgment rendered in the Municipal Court of Youngstown, said defendant, at the request of the said plaintiff, Public Loan Corporation, and one James Russell, did execute a cognovit note as guarantor for said James Russell, on condition that and provided that said James Russell also obtained his wife's, Helen Russell, signature on said cognovit note, as co-maker and guarantor; that said plaintiff corporation had consented to said agreement, and that said plaintiff corporation, after having obtained the signature of said defendant and said James Russell, gave said James Russell the cognovit note, which was executed by said defendant and James Russell, so that he, James Russell may take the note with him to obtain his wife's signature thereon, contrary to §1321.12 and §1321.01 to 1321.19, inclusive, R. C., and that said James Russell returned said note with a signature purporting to be that of his wife, Helen Russell, and that the said defendant is now advised by said plaintiff corporation and Helen

Russell that the purported signature of Helen Russell was not and is not her signature, and that signature is a forgery. * * *."

The evidence discloses that after execution and delivery of the note defendant James Russell defaulted and absconded, at which latter time plaintiff contacted defendant Jacobs, who in turn contacted defendant, Helen Russell, who advised him that she had not signed the note; that defendant Jacobs advised plaintiff's manager what defendant, Helen Russell, had told him who stated that defendant Russell would have to prove that she had not signed the note.

There is uncontradicted evidence that contrary to the provisions of §1321.12 R. C., after defendants Russell and Jacobs signed the note plaintiff's manager gave the note, chattel mortgage, and all other papers needing the signature of defendant, Helen Russell, to defendant, James Russell for the purpose of securing the signature of defendant, Helen Russell; and that Helen Russell testified that she had not signed the note.

Defendant, Helen Russell, testified as follows:—

"Q. Did you or did you not sign any paper with the Public Loan Corporation in Warren relative to a loan by your husband on your signature?

"A. No sir.

"Q. I am handing you what is known as Plaintiff's Exhibit No. 1 Mrs. Russell and I ask you to look at that and tell me and the court whether or not your signature is on that paper? Is that your signature?

"A. That is my name but I didn't not write it.

"Q. What is the name that is on there?

"A. Helen Russell.

"Q. It is not your signature?

"A. No, that is my name but I did not write it.

"Court: He means did you write it?

"A. No sir.

"Q. Will you be kind enough to write your name as you ordinarily write it?

"A. Yes sir.

"Q. Do you have a daughter?

"A. Yes.

"Q. How old is she?

"A. Fifteen now.

"Q. Do you know whether that signature of Helen Russell on plaintiff's exhibit No. 1 was written by your daughter or not?

"A. It looks like her hand writing.

"Q. Did you ever tell the Public Loan Corporation that you had not signed that paper plaintiff's Exhibit No. 1?

"A. Yes.

"Q. When did you tell the Public Loan Corporation you had not signed it?

"A. If I am not mistaken it was in March.

"Q. Of what year?

"A. 1955.

"* * *

"Q. Showing you the chattel mortgage purporting to be the mortgage on your furniture at the time Mr. Russell made the loan—now you say you don't know a thing about that loan?

"A. No.

"Q. Is this your signature?

"A. It looks like his handwriting.

"Q. Is this your signature?

"A. No."

Plaintiff states that the question presented is "under the defense, as he sets forth, is the plaintiff entitled to recover against Frank Jacobs, who is a co-maker of the note."

Plaintiff argues that:—

"The court below prejudicially erred in rendering judgment for the defendant Frank Jacobs under the testimony disclosed in the record. There is no question but that the defendant Frank Jacobs signed the note at the instance and request of James B. Russell as a co-maker and his liability is the same as the maker of the note. From his own testimony he did not know whether Helen Russell actually signed the note or if she did, whether it was a forgery as far as he was concerned. Public Loan Corporation did not know anything about it. They insisted that James B. Russell have a co-maker on the note before the loan was made. Frank Jacobs signed as a co-maker so that the defense set forth by Frank Jacobs in his answer is demurrable for the reason and on the grounds that the facts, statements and allegations contained in defendant's answer and as disclosed by the record do not constitute a defense as to the rights of the plaintiff."

Plaintiff supports that claim by citation of §§1301.26 and 1301.31 R. C.; and the cases of City Trust v. Schwartz. 68 Oh Ap 80, and Richards v. Market Exchange Bank Company, 81 Oh St 348.

"One who signs a promissory note on the face thereof, and, who in that way becomes a surety for the principal maker, is, by force of §3178a R. S., primarily liable for the payment of such note." Richards v. Market Exchange Bank Company, 81 Oh St 348.

Further plaintiff contends:—

"* * * that the defendant Frank Jacobs is liable on this note and it makes little or no difference as to who actually got the proceeds of the loan. Frank Jacobs' rights, if any, are between the maker the defendant James B. Russell, but he has no defense as to the plaintiff's rights.

"* * * We cannot see how a husband or daughter can forge a wife's signature, as under the husband and wife statute, either one can act as principal or agent for the other. Secondly, forgery must be proved by clear, convincing and conclusive proof, which the defendant failed to do. However, it makes little or no difference even if they had proven by that degree of proof, that is necessary to prove in a case of this nature, the plaintiff is in this case entitled to recover for the reason that the defendant Frank Jacobs is a co-maker. Third: Public Loan Corporation of Warren never knew anything about the signature being forged. They were no party to it.

"Mr. Jacobs extended the courtesy and accommodated Mr. James B. Russell at his instance and request. Public Loan Corporation of Warren would not have made this loan unless James B. Russell secured a co-maker and he did secure Frank Jacobs, who knew what he was signing and for what purpose. Mrs. Russell never said anything to Public Loan Corporation of Warren that her signature was forged until Mr. Jacobs was attached and a judgment was taken."

Defendant Jacobs bottoms his defense here, as he did in the trial court, on the claim that he signed the cognovit note contingent upon defendant, Helen Russell, signing it after he signed it; and that had he known that the signature of defendant Helen Russell was a forgery he would not have signed such note as a co-maker; and "that the conditions in the contract are not complied with, and therefore Frank Jacobs should be absolved from any and all liability."

The financial statement upon which the loan was made was dated July 21, 1952, and the note and mortgage are dated August 4, 1953.

While there is no evidence to support the conclusion that that note was a renewal of one or more prior loans made by plaintiff to defendant, James Russell, which conclusion we do not reach, yet the fact that the loan numbers on plaintiff's exhibits are not the same throws light on the contention of defendant Jacobs that he was defrauded.

The testimony of defendant, Helen Russell, that she did not sign the note, and of defendant Jacobs that he signed it contingent upon defendant, Helen Russell, signing it after he did, and that he never knew her signature was a forgery is uncontradicted

Plaintiff furnished defendant Russell the means of and opportunity to perpetrate a forgery when it could more easily have had defendant, Helen Russell, sign such note at its office. Under the provisions of §1321.12 R. C., plaintiff's office was the only place it was licensed to transact business of the nature involved in this appeal.

"The principle that, where one of two innocent persons must suffer by the fraud of a third person, he who first trusted such third person and placed in his hands the means which enabled him to commit the wrong must bear the loss is applicable." 38 O. Jur., Page 505, Section 109.

This principle is applicable to the facts under consideration in the instant case.

The trial judge did not err to plaintiff's prejudice in overruling plaintiff's demurrer to the answer of defendant Jacobs, and we find no merit in plaintiff's argument that "a husband or daughter can not forge a wife's signature, as under the husband and wife statute either one can act as principle or agent for the other."

In this case parol evidence is admissible to prove conditions precedent.

The judgment of the municipal court of Youngstown is affirmed.

NICHOLS and GRIFFITH, JJ, concur.