Frank T. HAMER and Oda Evelyn Hamer, Plaintiffs-Appellants,

v.

Dale P. SULLIVAN et al., Respondents,

and

Mid-Continent National Bank, Intervener-Respondent.

Nos. 56900, 57327.

Supreme Court of Missouri, Division No. 2.

Feb. 12, 1973.

**310**

---

Thaine Q. Blumer, Kansas City, for plaintiffs-appellants.

James W. Benjamin, Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, Conn Withers, Liberty, for respondents Sullivan and Sauro.

Robert K. Ball II, Don M. Jackson, Jackson & Sherman, Kansas City, for respondent City National Bank & Trust Co.

Gene A. DeLeve, Berman, DeLeve, Kuchan & Chapman, Kansas City, for respondent Mid-Continent Nat. Bank.

DONNELLY, Judge.

In 1968, Donald L. Kerns and his wife were owners of a farm in Clinton County, Missouri. In early 1969, Kerns and his wife, through their attorney, Marshall Lyons, proposed to Frank Hamer that he purchase the farm for $125,000 by assuming certain obligations and paying $87,000 cash. Hamer proposed that the $87,000 be paid with a note owned by Hamer and his wife which was secured by a second deed of trust on a motel in Springfield, Missouri. Marshall Lyons agreed to accept the note and deliver title to the farm.

In June, 1969, the Hamers endorsed their note, in blank, and it was delivered to Marshall Lyons in exchange for a deed to the farm. The deed purportedly was signed by Donald C. Kerns and Mary Jean Kerns. These signatures were forgeries, and, in an action in Clinton County, the Court and jury returned ownership of the farm to Donald L. Kerns and Mary Jean Kerns.

During the time negotiations for the farm were going on, Marshall Lyons contacted defendants Sullivan and Sauro, told them he was acting as attorney for Kerns, and Sullivan and Sauro agreed with Lyons to pay $43,500 for the Hamer note.

On June 6, 1969, Sauro purchased a cashier's check, payable to himself, from defendant City National in the amount of $21,750.

On June 10, 1969, Sullivan purchased a cashier's check, payable to himself, from defendant Traders National in the amount of $21,750.

Marshall Lyons then presented the Hamer note to Sullivan and Sauro and they endorsed the cashier's checks, payable to the Kernses. The signatures of Donald L. Kerns and Mary Jean Kerns were then forged to the cashier's checks, and City National and Mid-Continent National paid Marshall Lyons the funds following his endorsement after that of his purported clients.

There are two cases and two appeals involved here. In both, the trial courts ruled for defendants as a matter of law.

■ These appeals having been taken to this Court prior to January 1, 1972, the effective date of new Article V of the Constitution, we have jurisdiction pursuant to then Art. V, § 3 of the Missouri Constitution, V.A.M.S.

There is no question, on the evidence adduced, that all of the parties involved in these cases are innocent of the fraud perpetrated by Marshall Lyons.

In Union Finance Co. v. National Bank in No. Kansas City, Mo.App., 463 S.W.2d 70, 73, Judge Broaddus used a quotation from Public Loan Corporation of Warren

v. Jacobs (Ohio App.), 144 N.E.2d 505, which is particularly appropriate here: " 'The principle that, where one of two innocent persons must suffer by the fraud of a third person, he who first trusted such third person and placed in his hands the means which enabled him to commit the wrong must bear the loss is applicable.' "

 In the circumstances of these cases, we must conclude that when the Hamers endorsed the note *in blank*, they made the fraud possible, and must bear the loss.

The judgments are affirmed.

MORGAN, P. J., HENLEY, J., and FINCH, C. J., concur.