**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Richard Stephen BELLEW,
Defendant-Appellant.**

No. 11708.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 29, 1981.

Motion for Rehearing and Transfer
Denied Feb. 20, 1981.

Application to Transfer Denied
April 6, 1981.

Michael Baker, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury found defendant Richard Stephen Bellew guilty of first-degree robbery as defined and denounced by § 560.120, RSMo 1969, now repealed. The trial court determined that the Second Offender Act, former § 556.280, was applicable and assessed defendant's punishment at imprisonment for a term of 35 years. Defendant appeals.

On August 14, 1978, defendant and a companion "walked away" from the Fordland Honor Camp, a place of penal confinement operated by the Missouri Division of Corrections. Defendant had been convicted of two counts of first-degree robbery in the Circuit Court of the City of Saint Louis in July 1974, had received two concurrent 14-year sentences and was serving those sentences at the time he escaped.

Defendant and his companion stole a car in Springfield and went directly to a service station and "U-haul Rental." There the defendant intimidated the employee in charge and took the contents of the cash register, "[a]bout two hundred dollars in bills and a few half dollars." Defendant and his companion then "headed south." On August 16 they were apprehended by Texas officers in Texas near Texarkana. Defendant confessed that he committed the Springfield robbery and a number of other crimes. This prosecution followed.

Upon trial the State offered, and the trial court received, defendant's confession. The sole point made in this court is that the confession should have been excluded because it contained admissions of other crimes and had "[no] reasonable tendency to directly establish the defendant's guilt of the charge for which he was on trial."

■ There is no doubt whatever that in the process of confessing, defendant admitted he committed several other, distinct crimes. This court would readily concede that proof of the commission of separate and distinct crimes is not admissible unless it has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. State v. Reese, 364 Mo. 1221, 1226, 274 S.W.2d 304, 307 (banc 1954). Nevertheless, if such proof is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. State v. Reese, supra, 364 Mo. at 1227, 274 S.W.2d at 307.

■ It is hornbook law that proof of the commission of other offenses is competent to prove the specific crime charged if it tends to prove the identity of the person charged with the commission of that crime. State v. Mitchell, 491 S.W.2d 292, 295[1][2] (Mo. banc 1973). The State is required to prove the defendant's criminal agency—his "identity"—in any prosecution, not as part of the corpus delicti, but in addition thereto. Cf. State v. Meidle, 202 S.W.2d 79, 81 (Mo. 1947); State v. Letterman, 603 S.W.2d 951, 954 (Mo.App.1980). The State had ample proof of a robbery, but practically no proof of defendant's criminal agency aside from the confession. The confession was properly admitted on the issue of identity.

Of course, the *details* of the commission of other offenses are properly excluded if the defendant objects. *State v. Reese, supra,* 364 Mo. at 1227, 272 S.W.2d at 307. This limitation is subject to a further exception. The several crimes which the defendant and his companion committed were part of one continuous transaction and were so interrelated that proof of the defendant's participation in the crime charged could not be made without a showing of the facts tending to establish his participation in the others. Without admission of the whole confession, a connected and intelligible statement of the transaction could not well be made nor could a clear understanding thereof be had. In such cases, all the relevant facts are admissible as part of the res gestae. See, e. g., *State v. Shumate,* 478 S.W.2d 328, 330–331 (Mo.1972); *State v. Ward,* 457 S.W.2d 701, 708[11] (Mo.1970). The trial court admitted the whole confession because it considered the admissions to be inseparable, and we agree. It was properly admitted, subject to a cautionary instruction. *State v. Brown,* 584 S.W.2d 413, 415 (Mo.App.1979). It is true no cautionary instruction was given, but no such cautionary instruction was included in the MAI–CR 2.00 series. If the defendant wanted an instruction limiting the effect of the evidence of other crimes, it was his duty to request it. *State v. Batson,* 339 Mo. 298, 308, 96 S.W.2d 384, 391[10] (1936); *State v. Headley,* 18 S.W.2d 37, 38–39[2, 3] (Mo. 1929). No such request was made and error cannot be predicated on the trial court's failure to give a cautionary instruction.

We find no error in any respect briefed or presented to this court; accordingly, the judgment is affirmed.

All concur.