**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Burton Donald WOODS, III,**
**Defendant-Appellant.**

**No. 46730.**

Missouri Court of Appeals,
Eastern District,
En Banc.

Jan. 19, 1983.

Lauren Weisfeld, Asst. Public Defender, St. Louis, for defendant-appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PER CURIAM.

Defendant was convicted of capital murder and sentenced to life imprisonment on July 18, 1980. On July 23, 1980, his notice of appeal was filed in the Circuit Court of St. Louis County and was received by the Supreme Court of Missouri on July 28, 1980.

On November 2, 1982, the Missouri electorate approved an amendment to Art. V Sec. 3 of the Missouri Constitution. The amendment became effective on December 3, 1982, the thirty-first day after the election. Missouri Constitution Art. XII, § 2(b). That amendment removed from the exclusive jurisdiction of the Supreme Court appeals in criminal cases where the punishment imposed is life imprisonment. On December 3, 1982, the Supreme Court *sua sponte,* entered its order transferring

this appeal to this district. The order of transfer stated that this is the district "in which jurisdiction is vested."

A transfer order is not an adjudication of jurisdiction, *Carroz v. Kaminski,* 452 S.W.2d 312 (Mo.App.1970) [1–3]; *Schmidt v. Morival Farms, Inc.,* 232 S.W.2d 215 (Mo. App.1950) [1], and we are bound in every case to determine our jurisdiction. *Frey v. Gabel,* 574 S.W.2d 38 (Mo.App.1978) [1, 2]. If that determination reveals a lack of jurisdiction, we are bound to retransfer the case. *Collector of Revenue v. Parcels of Land,* 566 S.W.2d 475 (Mo. banc 1978) [1]. Art. V, Sec. 3, Missouri Constitution provides for the "exclusive appellate jurisdiction" of the Supreme Court. That same section provides that this court has "general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court." "Exclusive" means "sole" or "single". Webster's Third New International Dictionary. There is not, therefore, a concurrent jurisdiction over appeals. Those which are exclusively vested in the Supreme Court are not, by definition, also vested in this court. Art. V, Sec. 11 provides that "appeals shall go directly to the court or district having jurisdiction."

In at least 20 cases the Supreme Court has held that jurisdiction attaches upon the filing of a notice of appeal.[1] The mirror-image of the present case was before the Southern District in 1980 in *State v. Garrett,* 595 S.W.2d 422 (Mo.App.1980) [1, 2]. There the constitutional amendment vested jurisdiction of life imprisonment appeals in the Supreme Court. Garrett's appeal was filed on December 19, 1978; the effective date of the amendment was January 2, 1979. The court concluded that the appellate court having jurisdiction on the date the notice of appeal was filed continues to have jurisdiction to conclude the matter. The Supreme Court denied transfer of the *Garrett* case. *Garrett* relied upon numerous cases which have consistently held that the determinative factor in establishing jurisdiction is the time of filing the notice of appeal. *Trokey v. United States Cartridge Co.,* 214 S.W.2d 526 (Mo.1948) [2, 3]. Subsequent events cannot confer jurisdiction on an appellate court. *Platies v. Theodorow Bakery Company,* 334 Mo. 508, 66 S.W.2d 147 (banc 1933) [1, 2] rev'd on other grounds, 317 S.W.2d 390 (Mo. banc 1958); *Hogue v. Wurdack,* 292 S.W.2d 576 (Mo.1956) [1]; *Stuart v. Stuart,* 320 Mo. 486, 8 S.W.2d 613 (1928) [1, 2]. Subsequent events also cannot divest the Missouri Supreme Court of those cases exclusively vested therein. *Shroyer v. Missouri Livestock Commission Co.,* 332 Mo. 1219, 61 S.W.2d 713 (banc 1933) [10] rev'd on other grounds, 317 S.W.2d 390 (Mo. banc 1958); *State v. McKnight,* 486 S.W.2d 415 (Mo.1972); *Garrett v. State,* 486 S.W.2d 272 (Mo.1972) [1]; *Lange v. St. Louis Public Service Co.,* 361 Mo. 74, 233 S.W.2d 641 (1950) [1].

If the conclusion reached in the *Garrett* case was erroneous, then presumably each and every appeal decided in a life imprisonment case by any district of the Court of Appeals after January 2, 1979 (in excess of 50 cases) is a nullity and those defendants whose convictions were affirmed have been denied the right of appeal. Those who achieved reversals are presumably still bound by the original judgment in the trial court.

Unless a contrary intention is clearly expressed, a statute divesting an appellate

---

1. *State v. Johnson,* 530 S.W.2d 690 (Mo. banc 1975); *Henderson v. Laclede Radio, Inc.,* 506 S.W.2d 434 (Mo.1974); *Wilton Boat Club v. Hazell,* 502 S.W.2d 273 (Mo.1973); *State v. Perry,* 499 S.W.2d 473 (Mo.1973); *Neighbors v. State,* 496 S.W.2d 807 (Mo.1973); *Hamer v. Sullivan,* 491 S.W.2d 309 (Mo.1973); *Timmerman v. Ankrom,* 487 S.W.2d 567 (Mo.1972); *Terhune v. Caton,* 487 S.W.2d 19 (Mo.1972); *Wilmoth v. Chicago, Rock Island and Pacific R. Co.,* 486 S.W.2d 631 (Mo.1972); *State v. McKnight,* 486 S.W.2d 415 (Mo.1972); *State v. Lee,* 486 S.W.2d 412 (Mo.1972); *State v. Williams,* 486 S.W.2d 221 (Mo.1972); *Colbert v. State,* 486 S.W.2d 219 (Mo.1972); *Patton v. State,* 486 S.W.2d 204 (Mo.1972); *Brown v. State,* 485 S.W.2d 424 (Mo.1972); *Tyler v. State,* 485 S.W.2d 102 (Mo.1972); *State v. Sechrest,* 485 S.W.2d 96 (Mo.1972); *State v. Bascue,* 485 S.W.2d 35 (Mo.1972); *State ex rel. Highway Commission v. Wertz,* 478 S.W.2d 670 (Mo.1972); *Papin v. Papin,* 475 S.W.2d 73 (Mo.1972).

court of jurisdiction does not operate retrospectively to matters then pending before it. *Mott Store Co. v. St. Louis & S.F.R. Co.*, 254 Mo. 654, 163 S.W. 929 (1913) [1, 2]; *State ex rel. Lambert v. Padberg*, 346 Mo. 1082, 145 S.W.2d 123 (banc 1940) [1, 2]. We know of no different rule to be applied to a constitutional amendment. The amendment passed on November 2, 1982 contains no such expressed intent.

The case law of this state and, more importantly, the Constitution, support a determination that jurisdiction of life imprisonment cases, wherein the notice of appeal was filed prior to December 3, 1982, is vested exclusively in the Supreme Court.

Case is retransferred to the Supreme Court.

All Judges of the District concur.

