George H. HORNE, Appellant,

v.

Richard A. KING, Director, Missouri Department of Revenue, Respondent.

No. 13438.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 3, 1984.

Dee Wampler, Wampler, Wampler & Catt, Springfield, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Melodie Powell, Asst. Attys. Gen., Jefferson City, for respondent.

PER CURIAM.

This is an appeal by George H. Horne ("appellant") from a judgment denying him relief in a suit against Richard A. King,[1] Director of the Missouri Department of Revenue ("the Director"). Inasmuch as the sole point relied on by appellant was not preserved for review, we affirm the judgment.

Appellant filed suit because of an order of the Director issued April 12, 1983, revoking appellant's "privilege to legally operate a motor vehicle" in Missouri for one year, effective May 7, 1983. Appellant's petition, filed May 4, 1983, sought, among other things, a declaration that the revocation was "null and void."[2]

The Director issued the order of revocation pursuant to § 302.304.3, RSMo 1978, as amended by Laws 1979, pp. 485–86,[3] which required revocation of the driver's license and driving privileges of any person whose driving record showed he had accumulated 12 points in 12 months.

The Director assessed 12 points against appellant's driving record pursuant to § 302.302, RSMo 1978, as amended by Laws 1982, pp. 684–85,[4] which provides, in pertinent part:

"1. The director of revenue shall put into effect a point system for the suspension and revocation of ... operators' li-

censes. Points shall be assessed ... after a conviction .... The initial point value is as follows:

. . . . .

(8) For the ... first conviction of driving with blood alcohol content of ten-hundredths of one percent or more by weight after a previous conviction for driving while in an intoxicated condition .... 12 points".

Appellant's driving record shows—and appellant admits—that he was convicted in the Springfield, Missouri, Municipal Court on August 9, 1978, of driving while intoxicated ("DWI"), and that he was convicted in the same court on March 29, 1983, of operating a motor vehicle when he had ten-hundredths of one per cent or more by weight of alcohol in his blood ("BAC").

The 12 points that caused the revocation of appellant's operating privileges were all assessed for the BAC conviction.[5] Had that conviction been the only one on appellant's record, it would have resulted in the assessment of only 6 points. § 302.302.-1(9). However, because of the 1978 DWI conviction and subparagraph "(8)" of § 302.302.1 (quoted above, in part) the Director assessed 12 points.

Appellant's point relied on,[6] as stated in his brief, is:

"The trial court erred in failing and refusing to enjoin defendant from revoking appellant's driver's license because the statute upon which such intended revocation is based (Section 302.302(8),[7]

---

**1.** Erroneously identified in the record below as Richard *J.* King.

**2.** Appellant also sought a "temporary injunction" restraining the Director from revoking appellant's operating privileges pending the outcome of the suit, and an award of hardship driving privileges under § 302.309.3, RSMo 1978. Those elements of the case are not involved in this appeal.

**3.** Section 302.304 was amended again by Laws 1983, pp. 580–82. That amendment, effective September 28, 1983, came after the revocation in issue here.

**4.** Henceforth, when we cite § 302.302, we refer to it as it appears in the 1982 amendment.

**5.** Twelve points had been assessed for the 1978 DWI conviction, resulting in a one-year revocation of appellant's operating privileges at that time. Those 12 points had been reduced to zero prior to the 1983 BAC conviction. § 302.304.5, RSMo 1978, as amended by Laws 1979, pp. 485–86; § 302.306, RSMo 1978.

**6.** Rule 84.04(d), Missouri Rules of Civil Procedure (15th ed. 1984).

**7.** We assume appellant means § 302.302.*1*(8).

RSMO.) is unconstitutional and void in that it is vague, ambiguous and unclear, and fails to provide due notice of proscribed act."

Appellant asserts that nine other subparagraphs of § 302.302.1 [8] make clear whether the points called for therein are to be assessed for violation of state law, or for violation of county or municipal ordinance. He emphasizes that no such guidelines appear in subparagraph "(8)," that is, said subparagraph does not specify whether the previous conviction for DWI must have been for violation of state law, or whether it is sufficient that such conviction have been for violation of county or municipal ordinance. Additionally, subparagraph "(8)" does not specify whether the instant conviction of BAC must be for violation of state law, or whether it is sufficient if it be for violation of county or municipal ordinance.

Arguing that criminal statutes are strictly construed against the state and in favor of the accused, and that any ambiguity or doubt concerning the scope of a criminal statute must be resolved in favor of the defendant, appellant maintains that subparagraph "(8)" of § 302.302.1 is unconstitutionally vague, in that persons of common intelligence must necessarily guess at its meaning and differ as to its application.

Subparagraph "(8)," according to appellant, should have warned him, in explicit terms, that 12 points would be assessed against his driving record for a BAC conviction *in violation of municipal ordinance*, if he had earlier been convicted of DWI *in violation of municipal ordinance*. Lacking that specificity, subparagraph "(8)," insists appellant, is constitutionally vulnerable when applied to him in the circumstances here.

■ Though inessential to the result we reach *infra*, we note that in characterizing

§ 302.302.1(8) as a "criminal statute," appellant has miscast it. That section does not proscribe any conduct as criminal; it authorizes the Director to assess points against the driving records of motorists who are convicted of certain alcohol-related driving offenses. This case was not initiated by a prosecuting official against appellant to punish him for unlawful conduct. It was initiated by appellant, ostensibly under § 302.311, RSMo 1978, to obtain judicial review of the Director's administrative revocation of appellant's operating privileges.[9]

■ However, we need not dwell on that aspect of the case, as it is not our task to assess the merit of appellant's argument. That would be the duty of the Supreme Court of Missouri, had appellant preserved his point for review. The Supreme Court has exclusive appellate jurisdiction in all cases involving the validity of a statute of this state. Mo. Const. art. V, § 3. Consequently, were the point viable, we would be obliged to transfer this appeal there. *State v. Davis*, 462 S.W.2d 178, 180–81[2] (Mo.App.1970), *opin. after transfer*, 469 S.W.2d 1 (Mo.1971). However, for the reasons that follow, we hold that the point was not preserved for review.

■ To raise and preserve a federal or state constitutional question for appellate review, it must be raised at the first available opportunity, the section or sections of the constitution claimed to have been violated must be specified, the question must be kept alive at every stage in the proceedings, and adequately covered in the briefs. *State v. Tatum*, 653 S.W.2d 241, 243[2] (Mo.App.1983); *Magenheim v. Board of Education*, 340 S.W.2d 619, 621[2] (Mo. 1960).

8. Subparagraphs (1), (2), (3), (4), (5), (6), (9), (10) and (11).

9. It has been held that a court proceeding under § 577.050.2, RSMo 1978, challenging the propriety of a driver's license revocation for refusal to submit to a chemical test of one's breath is a civil proceeding. *Delaney v. Missouri Department of Revenue*, 657 S.W.2d 354, 356[2] (Mo. App.1983). *See Tolen v. Missouri Department of Revenue*, 564 S.W.2d 601, 602[5] (Mo.App.1978), and *State v. Byerly*, 522 S.W.2d 18, 20[2] (Mo. App.1975).

Appellant's petition alleged the Director's purported revocation was "unconstitutional, unlawful, unreasonable, arbitrary and capricious, and is an abuse of discretion in violation of RSMo. 536.150, *et seq.*"[10] No section of the United States or Missouri constitution was identified as having been violated.

Appellant's "legal suggestions," filed in the trial court, suffered the same deficiency. The import of the suggestions was that statutes defining crimes must be construed strictly against the state and liberally in favor of the accused. There was no contention that § 302.302.1(8) was unconstitutional, and no mention of any constitutional provision.

The cause was orally argued to the trial court, and we have carefully studied the transcript of that hearing. The thrust of appellant's argument was that § 302.302.-1(8) does not specifically authorize revocation of one's privilege to operate a motor vehicle upon conviction of BAC in violation of municipal ordinance if he has an antecedent DWI conviction for violation of municipal ordinance. Appellant asserted that the statute should therefore be construed against allowing revocation in the circumstances here. Again, no constitutional provision was cited to the trial court and no claim of unconstitutionality was made.

It is thus evident that appellant failed to raise and preserve any constitutional question regarding § 302.302.1(8), and we so hold. Consequently, transfer of this appeal to the Supreme Court of Missouri is not required. *State v. Danforth,* 654 S.W.2d 912, 917[4] (Mo.App.1983).

Appellant conceded in oral argument before us that the constitutionality of § 302.302.1(8) was the only issue he sought to raise on appeal. Having determined that it was not preserved for review, we have nothing further to decide.

Judgment affirmed.

**10.** Section 536.150, RSMo 1978, authorizes judicial review of a decision of an administrative officer where there is no other provision for judicial inquiry into or review of such decision. As noted *supra,* judicial review here was authorized by § 302.311, RSMo 1978. How § 536.150 applies to this case is not apparent.