STATE of Missouri,
Plaintiff-Respondent,

v.

Billy E. PERKINS,
Defendant-Appellant.

No. 13320.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 16, 1984.

Motion for Rehearing or Transfer
Denied Nov. 5, 1984.

Application to Transfer Denied
Dec. 18, 1984.

---

Thomas Patrick Deaton, Public Defender, Elise Branyan, Asst. Public Defender, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Robert L. Swearingen, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury has found defendant Billy E. Perkins guilty of first-degree burglary as defined and denounced by § 569.160, RSMo 1978.[1] His punishment has been assessed at imprisonment for a term of 10 years. Defendant appeals. He has briefed four distinct assignments of error: 1) that his timely motion to disqualify the trial judge was erroneously denied; 2) that the trial court erroneously permitted witness Kathleen Setliff to testify that defendant asked her not to call the Springfield Police Department, because the authorities would "just ... send [him] back [to the Department of Corrections]"; 3) that the statute under which he was convicted violates the due process clauses of the Fifth and Fourteenth Amendments to the United States

---

1. References to statutes and rules are to RSMo 1978 and Missouri Rules of Court (14th ed. 1983), except where otherwise noted.

Constitution and violates Art. I, § 10 of the Missouri Constitution of 1945, and 4) that the trial court erred to his prejudice in giving and reading Instruction No. 9, which was MAI–CR 2d 3.60, somewhat modified.

The sufficiency of the evidence to support the judgment of conviction is not seriously questioned. The record has been read, the evidence is sufficient to support the judgment of conviction and a brief background statement will be sufficient.

In the latter part of October 1982, Tim Setliff and his wife Kathleen rented and occupied a four-room frame house at 1630 West Thoman in northwest Springfield. About 4:30 p.m. on October 29, Mrs. Setliff left the house to pick up her husband and run some errands. Mr. Setliff and his wife returned to their residence about 7 p.m. At that time it was "just getting dark."

Mrs. Setliff thought she heard someone running inside the house. As she approached the entrance, she noticed that the glass part of the front door had been broken. Mrs. Setliff went inside, saw that the bedroom light was on, and went into the bedroom. There she found the defendant, trying to get under the bed.

Mrs. Setliff seized the defendant by his coat, pulled the defendant from under the bed and asked him what he was doing. Defendant told her he thought he was in his uncle's house. Mr. Setliff "grabbed a ball bat" and he and his wife took the defendant into the front room. The defendant "kept saying he thought it was his uncle's house." Mrs. Setliff called the Springfield Police Department. Officers arrived shortly, the defendant was taken in custody and this prosecution followed.

The defendant complains first that his timely application to disqualify the trial court was denied. We are cited to *State ex rel. Johnson v. Green*, 452 S.W.2d 814 (Mo.banc 1970); *State ex rel. McNary v. Jones*, 472 S.W.2d 637 (Mo.App.1971), and a number of other precedents which hold that when a timely application for disqualification of a trial judge is filed in a criminal case, it must be honored. We agree that this is the law. We are also cited to Rule 32.07, with which we are familiar. The difficulty with the assignment of error is that its resolution turns on an interpretation or application of the local rules of the 31st Judicial Circuit, and more particularly upon that circuit's internal operating procedure. The defendant's point, as expanded in his brief, is that "the unified docket system [adopted by the 31st Circuit], number of felony cases on the docket system and vagaries of whether a case would actually be tried in a particular week and in a particular judge's court makes it impossible for a defendant in Greene County to know which court or judge will try his case until that case is actually called and set for trial." So, in substance defendant's argument is that the local rules of the 31st Circuit and its docketing procedure frustrate the requirements of Rule 32.07(a).

The merit of this point depends upon local rules of court. We may not take notice of the local rules of a judicial circuit unless they are introduced in evidence or otherwise made a part of the record. *In re Marriage of Dickey*, 553 S.W.2d 538, 540, n. 2 (Mo.App.1977); *Bank v. Pfeil*, 537 S.W.2d 680, 681[2] (Mo.App.1976). The point is not properly before us for review.

The defendant's second point is that the trial court erred to his prejudice in receiving a statement made by the defendant to Mrs. Setliff when she started to telephone her mother-in-law. Upon direct examination, the State put the following question to Mrs. Setliff:

"Q. Okay. What, if anything else, did [the defendant] say about trying to leave that evening?"

Mrs. Setliff answered:

"A. Trying to leave. Well, while I was making the call to my mother-in-law he hung up on me once and he said, 'Don't call the police,' he said, 'There [sic] just going to send me back, . . .' and I didn't say anything and I just called my mother-in-law again."

Other, similar statements were elicited by the State on direct examination, including defendant's statement that he thought

his uncle lived in the house. When these statements were received, the defendant's counsel objected and moved for a mistrial. The trial court denied a mistrial and overruled the objections.

■ In our view, the statements were admissible. The general rule is that the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is relevant for some purpose other than to show a probability that he committed the crime on trial because he is a man of criminal character. McCormick, Evidence § 190, p. 447 (2d ed. 1972). Such is undoubtedly the law in this state. *State v. Reese*, 364 Mo. 1221, 1226–27, 274 S.W.2d 304, 307 (banc 1954). There are a good many exceptions to this rule, however, and such evidence is admissible when it tends to show intent or absence of mistake or accident. *State v. Trimble*, 638 S.W.2d 726, 732[3, 4] (Mo.banc 1982), cert. denied 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983). It was also noted in *Trimble* that relevance, not prejudice, is the touchstone of due process and that the question whether the prejudicial effect of evidence outweighs its probative value rests within the sound discretion of the trial court. *Id.* at 732.

■ In this case, the defendant's statements were not only admissible to show intent and absence of mistake or accident, but were also admissible under an exception sometimes referred to as the "complete story" exception. See *State v. Ballew*, 612 S.W.2d 401, 403[5–7] (Mo.App. 1981); McCormick, Evidence § 190, pp. 558–59 (3d ed. 1984). At least two inferences were possible from the evidence considered as a whole: one possible inference was that the defendant had been drinking all afternoon and was confused, generally; that he had been away from the neighborhood for several years; that many of the

houses on West Thoman looked alike, and that the defendant entered the Setliff premises by mistake. The other and more readily acceptable inference is that the defendant was staying with an aunt and uncle in the general neighborhood; had been drinking intermittently during the day and had been left at home when the aunt and uncle went to a chili supper. The defendant was staying with his relatives because he had just been released from the penitentiary and had not "[got] on his feet and [got] his own place to stay." Fortified with the courage of alcohol, defendant decided to begin his new start by breaking into a neighborhood house. The evidence objected to assisted the jury by putting these events in context.

We find no abuse of discretion in admitting the evidence complained of, especially since the trial court gave a modified form of MAI–CR 2d 3.60 limiting the effect of evidence of other offenses to the issue of the defendant's intent. See MAI–CR 2d 3.58, comment i. There is no merit in this assignment of error.

The third assignment of error is directed to the substance of § 569.160 itself. The assignment is set forth marginally,[2] and is remarkable only for its breadth and the want of authority cited to support it.

■ Of course, if the constitutionality of § 569.160 had been properly preserved for review, this court would have no jurisdiction, because our Supreme Court has exclusive original appellate jurisdiction in all cases involving the validity of a statute of this state. Mo. Const. Art. V, § 3. Transfer would be warranted even if the defendant's challenge appeared to be without merit. *State v. Danforth*, 654 S.W.2d 912, 917 (Mo.App.1983); *State v. Davis*, 462 S.W.2d 178, 181 (Mo.App.1970). Transfer is not required, however, unless the defend-

---

**2.** "The trial court erred to the defendant's prejudice when it failed to declare Missouri Revised Statutes Section 569.160 (1978) unconstitutional as applied to the defendant because it allows conviction for first degree burglary for illegal entry of a residence to which the inhabitants returned after the defendant's entry, and provides a higher range of punishment and more serious legal designation for first degree burglary than second degree burglary without a legitimate state interest thereby depriving Billy Perkins of due process in violation of the Fifth and Fourteenth Amendments and Article I, Section 10 of the Missouri Constitution."

ant has properly preserved the issue for review by raising it at the earliest possible moment consistent with good pleading and orderly procedure. *State v. Danforth*, 654 S.W.2d at 917. There are doubtless exceptions, but ordinarily a challenge to the constitutionality of the statute under which the accused is being prosecuted must be raised by motion as provided in Rule 24.-04(b)(2); otherwise it will be regarded as having been waived. Id. at 918. Here, no objection to the constitutionality of § 569.-160 was made until the defendant orally moved the court for a judgment of acquittal at the close of all the evidence. He sought no relief from his waiver and made no attempt to show cause why Rule 24.04 should not bar his claim that § 569.160 is unconstitutional. The motion came too late, and the constitutional issue has not been preserved for the consideration of this or any other court. We decline to consider the issue further. Defendant's fourth assignment of error in simply the same assignment put differently, and for the same reason is not before the court for consideration.

█ Assignment of error number 5 is that the trial court erred in giving Instruction No. 9, which limited the jury's consideration of evidence of defendant's involvement in other crimes to the issue of defendant's intent. As we have already related, Instruction No. 9 was MAI–CR 2d 3.60, modified as directed by Comment (h) to MAI–CR 2d 3.58. Giving Instruction No. 9 was not error.

There is no error in any respect briefed or argued in this count, and accordingly the judgment is affirmed.

MAUS, P.J., and PREWITT, J., concur.