STATE of Missouri,
Plaintiff-Respondent,

v.

Robert L. KELLY, Defendant-Appellant.

No. 14792.

Missouri Court of Appeals,
Southern District,
Division Two.

March 20, 1987.

Motion for Rehearing or to Transfer
to Supreme Court Denied
April 9, 1987.

Application to Transfer
Denied May 19, 1987.

Susan L. Hogan, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, John M. Morris, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of the Class A felony of sodomy, (§ 566.060),[1] and the Class B felony of kidnapping, (§ 565.-110). On the sodomy conviction he was sentenced, as a persistent sexual offender, (§ 558.018), to a term of 50 years without parole, and on the kidnapping conviction he was sentenced, as a persistent offender, (§ 558.019.4(2)), to a term of 30 years, the sentences to run consecutively. Defendant appeals.

Defendant does not challenge the sufficiency of the evidence to support the verdict and it is unnecessary to make a full statement of the sordid facts. On September 3, 1985, the prosecutrix, while walking to a business establishment in Joplin for a job interview, accepted a ride from defendant who was driving a truck. Instead of taking her to the establishment, defendant drove to a secluded place where, at knife point, he committed the acts constituting sodomy.

The prosecutrix, apparently in her twenties, did not report the matter to the authorities immediately. She told the jury that she was raped when she was 9 and molested when she was 16. She testified she delayed reporting the incident at bar because "when I was 15 they gave me a lie detector test and made me look guilty and just put me through a terrible ordeal trying to make me look like a prostitute." Later an attorney persuaded the prosecutrix to report the incident.

Defendant's first point is that the trial court erred in overruling defendant's objections to two questions asked by assistant prosecuting attorney Dan Scott during voir dire examination, "because the state impermissibly attempted to commit the jury to a future course of conduct in that the state's questions presented the jury with such detailed facts of the case that the prosecuting attorney was in effect asking the jury to return a verdict of guilty should the state's evidence develop as set forth by the prosecutor on voir dire examination, and defendant was thereby prejudiced."

During voir dire examination the following occurred:

"MR. SCOTT ... In this particular case I think the evidence will be that there was also alleged delay in reporting the facts that the victim never reported this, someone else did, she will tell you why that is. My question to you, is there anyone here who would completely disregard her testimony without even having heard it yet? Anyone here who would completely disregard her testimony solely because she did not immediately report this to the authorities?

(No response.)

MR. SCOTT: Is there anyone here who thinks that it is impossible for a woman to be sodomized or raped, simply try to keep that to herself that something happened?

(No response.)

MR. SCOTT: I mentioned forcible compulsion, again that is something the State has to prove. At the end of the case, the Court will give you instructions as to what the State must prove. Essentially, without the victim's consent by force or threat of force, the victim will tell you what occurred that time, a knife was pulled and she was taken to a far away location and told to undress.

[DEFENSE COUNSEL]: May we approach the bench, Your Honor?

THE COURT: Yes.

---

**1.** Except where otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S.

(The following proceedings were had at the bench between Court and counsel out of the hearing of the jury:)

[DEFENSE COUNSEL]: I object, Your Honor, I would like to make an objection to the statements of any more facts, basically Dan is giving an opening argument or giving the facts during voir dire and I think the jury is aware of the facts sufficiently and that he can question them without going into any more of the facts. He is going into the entire testimony expected of the victim in order to try to commit the jury that if they believe he (sic) testifies the way Mr. Scott is saying then they should find him guilty. I think that's improper at this stage.

MR. SCOTT: Judge, I really don't want to do that.

[DEFENSE COUNSEL]: They should wait until the evidence comes in.

THE COURT: [Defense counsel], I don't think he has done that yet, but if he proceeds to do so, why it will be subject to objection at that point.

[DEFENSE COUNSEL]: Thank you. (The following proceedings continued in the hearing of the jury:)

MR. SCOTT: Ladies and Gentlemen, as I told you, she will tell you what happened and the evidence supporting forcible compulsion. I think you will also hear she said some things out there in order to try to save her life. I don't want you to prejudge the evidence, I want you to wait until you hear it for yourself and decide it. I don't want you to speculate as to what it would be. My question to you, solely, is this: is there anyone here who thinks that an assent to a crime which is obtained at knife point or by threat or force is the same as consent?

(No response.)

MR. SCOTT: She will tell you that she got in the defendant's truck voluntarily, she was looking for a job and he offered her a ride and she got in.

[DEFENSE COUNSEL]: Same objection, Your Honor.

THE COURT: Be overruled."

In *State v. Lumsden*, 589 S.W.2d 226, 229[6, 7] (Mo. banc 1979), the court said:

"The purpose of voir dire examination is to enable each party to participate in selection of a fair and impartial jury. To that end, a liberal latitude is allowed in the examination of the panel.... Nevertheless, the examination of jurors as to their qualifications is conducted under the supervision of the trial court and the nature and extent of what questions counsel may ask are discretionary with the trial court and the exercise of that discretion will be disturbed on appeal only when the record shows a manifest abuse of that discretion."

The state, like the defendant, has challenges to exercise, and the prosecutor may make "such inquiries as would allow it to exercise the same intelligently. The only legitimate limitation would be at that point where such inquiry tended to create a prejudice against defendant." *State v. Granberry*, 484 S.W.2d 295, 299[5] (Mo. banc 1972).

■ It is reversible error for counsel, on voir dire, to obtain from prospective jurors a commitment to act in a certain way should a particular set of facts be elicited at the trial. *State v. Neal*, 591 S.W.2d 178, 181[3] (Mo.App.1979). "[Q]uestions seeking to reveal a present state of mind create no difficulty. However, 'when the inquiry includes questions phrased or framed in such manner that they require the one answering to speculate on his own reaction to such an extent that he tends to feel obligated to react in that manner, prejudice can be created. The limitation is not as to the information sought but in the manner of asking.'" *State v. Garrett*, 627 S.W.2d 635, 642[11, 12] (Mo. banc 1982).

■ Although outlining the facts which the state expects to prove is the function of the prosecutor's opening statement, rather than voir dire, a trial court may permit a reasonable reference to the underlying facts in order to reveal a present state of mind of the venireman. See *State v. Garrett*, supra, at 642.

The initial objection of defense counsel was to "any more facts" given by the prosecutor rather than to the facts stated in Mr. Scott's remarks immediately preceding that objection. In those remarks the prosecutor made no attempt to ask the veniremen to commit themselves to a guilty verdict if certain evidence were introduced by the state. Defendant's first point is based solely on the ground of improper "commitment."

During the course of the later remarks by prosecutor Scott, he told the jury that the prosecutrix would testify that she got in the truck voluntarily, "He offered her a ride and she got in." Although the "same objection" was made by defense counsel, the prosecutor's statement which precipitated the second objection contained no request for a commitment by the veniremen. Indeed the prosecutor had said to them, a few moments earlier, "I don't want you to prejudge the evidence, I want you to wait until you hear it for yourself and decide."

■ Although the record reflects that the prosecutor went into unnecessary, and perhaps improper, factual details in his voir dire inquiries, the record does not support defendant's claim that the prosecutor made an improper request that the veniremen commit themselves to a guilty verdict if the evidence, as detailed, should be developed. Defendant's first point has no merit.

Defendant's second point challenges the finding of the trial court that defendant was a persistent sexual offender, (§ 558.-018), and in sentencing him accordingly. Defendant asserts five independent grounds in support of his second point.

Section 558.018 reads:

"1. The court shall sentence a person who has pleaded guilty to or has been found guilty of the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid to an extended term of imprisonment if it finds the defendant is a 'persistent sexual offender.'

2. A 'persistent sexual offender' is one who has been previously convicted of the felony of rape, forcible rape, sodomy,

forcible sodomy or an attempt to commit any of the aforesaid.

3. The term of imprisonment for one found to be a 'persistent sexual offender' shall be not less than thirty years, which term shall be served without probation or parole."

■ Defendant's first ground in support of his second point is that the trial court violated defendant's rights with respect to double jeopardy in finding him to be a persistent sexual offender because, at an earlier trial, "the trial court, on the issue of persistent sexual offender status, made a finding of acquittal."

At an earlier trial of this proceeding another jury found defendant guilty of sodomy and kidnapping, the same findings made by the second jury. At the first trial, prior to selection of the jury, the trial court held a hearing and found that defendant was properly charged as a prior offender and as a persistent offender but not as a persistent sexual offender. Defendant's motion for new trial was later sustained and the second trial ensued. Defendant argues, on the basis of double jeopardy, that the state was foreclosed, at the second trial, from introducing evidence of defendant's status as a persistent sexual offender.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Court held that the Fifth Amendment guarantee against double jeopardy, enforceable against the States through the Fourteenth Amendment, includes protection against multiple punishments for the same offense. The Court further held that the protection against multiple punishments requires that credit must be given for punishment already endured. Id. 89 S.Ct. at 2076. At p. 2077–2078 the court said:

"[B]eyond the requirement already discussed [that punishment already exacted must be fully credited in imposing sentence upon a new conviction for the same offense], the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon

reconviction. At least since 1896, when *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300, was decided, it has been settled that this constitutional guarantee imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside. ... [A] corollary of the power to retry a defendant is the power, upon the defendant's reconviction, to impose whatever sentence may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction." (Emphasis in original.)

Also 89 S.Ct. at p. 2078 the court said:

"Although the rationale for this 'well-established part of our constitutional jurisprudence' has been variously verbalized, it rests ultimately upon the premise that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean. As to whatever punishment has actually been suffered under the first conviction, that premise is, of course, an unmitigated fiction, as we have recognized in Part I of this opinion. But, so far as the conviction itself goes, and that part of the sentence that has not yet been served, it is no more than a simple statement of fact to say that the slate *has* been wiped clean. The conviction *has* been set aside and the unexpired portion of the original sentence will never be served. A new trial may result in an acquittal. But if it does result in a conviction, we cannot say that the constitutional guarantee against double jeopardy of its own weight restricts the imposition of an otherwise lawful single punishment for the offense in question." (Emphasis in original.)

Defendant's first ground has no merit.

■ Defendant's second ground in support of his second point seeks to challenge the constitutionality of § 558.018 because it constitutes "an unlawful delegation of authority by the legislature to the judiciary and that delegation violates the equal protection clause of the Fourteenth Amendment."

■ Cases involving the validity of a statute of this state are within the exclusive appellate jurisdiction of the Supreme Court, Mo. Const. art. 5, § 3, but defendant's failure to preserve the issue makes it unnecessary for this court to transfer this appeal to that tribunal. *State v. Tygart*, 673 S.W.2d 83, 87[10] (Mo.App.1984). To preserve a constitutional issue for appellate review it must be raised at the earliest time consistent with good pleading and orderly procedure. *State v. Flynn*, 519 S.W.2d 10, 12[3] (Mo.1975). If defendant wished to challenge the constitutionality of the statute, he should have done so by motion to quash or other attack upon the information before the trial. *State v. Zismer*, 696 S.W.2d 349, 351 (Mo.App.1985). Defendant failed to challenge the constitutionality of the statute at any stage of the trial court proceeding. Defendant's second ground has not been preserved for appellate review.

Defendant's third ground in support of his second point is another attack upon the constitutionality of § 558.018. This challenge is based on an argument of "cruel and unusual punishment." Defendant's third ground has not been preserved for appellate review for the same reasons which undermined the preservation of his second ground in support of his second point.

■ Defendant's fourth ground in support of his second point is that § 558.018 should be construed to limit the period of noneligibility for probation and parole to 30 years "in that Section 558.018(3) reads ambiguously to require that individuals found to be persistent sexual offenders serve either 30 years or their entire terms without probation or parole, and, as a penal statute, Section 558.018(3) must be strictly construed against the state."

The same argument was made and rejected in *State v. Nevels*, 712 S.W.2d 688, 689–690 (Mo.App.1986). For the reasons stated there, defendant's fourth ground has no merit.

Defendant's fifth ground in support of his second point is that "the state failed to prove that the acts underlying defendant's

Colorado convictions would constitute the offenses of forcible rape or sodomy had those acts been committed in Missouri."

The state introduced evidence showing that on April 19, 1976, in the District Court for the Fourth Judicial District, El Paso County, Colorado, defendant was found guilty of committing the offense of sexual assault in the first degree on November 5, 1975. The victim of that offense was S.L.R. and the statute violated was § 18–3–402(1)(a)(b)(c) and 2(c), Colo.Rev.Stat.1973, as amended. The state also showed that defendant, on April 19, 1976, in the same proceeding, was found guilty of committing the offense of sexual assault in the first degree on November 3, 1975. The victim of that offense was E.C.

The Colorado statute (§ 18–3–402 Colo. Rev.Stat.1973, as amended), which defined sexual assault in the first degree, required, as an element of that offense, "sexual penetration."

Section 18–3–401(6), which is included in the definitions section of the Colorado Code dealing with Unlawful Sexual Behavior reads:

"(6) 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, analingus (sic), or anal intercourse. Emission need not be proved as an element of any sexual penetration. Any penetration, however slight, is sufficient to complete the crime."

Apparently the term "analingus" is not defined by Colorado statute. Webster's Third New International Dictionary defines anilingus as follows: "erotic stimulation achieved by mouth and anus."

The trial court found defendant to be a persistent offender (§ 558.019.4(2)), with respect to the kidnapping conviction, and that finding is not challenged. On the sodomy conviction the trial court found that defendant was a persistent sexual offender (§ 558.018), and sentenced him accordingly.

■ Defendant makes the ingenious and valid argument that the Colorado conviction, with respect to the November 5, 1975 offense, (an argument equally availing with respect to the November 3, 1975 offense),

*might* have been based upon an act of anilingus, and thus the state's evidence with respect to persistent sexual offender status is deficient.

In Missouri, anilingus does not meet the definition of "sexual intercourse" (§ 566.-010(1)), which is an element of the Missouri rape (§ 566.030.3), and forcible rape (§ 566.030.1), nor does it meet the definition of "deviate sexual intercourse" (§ 566.010(2)), which is an element of sodomy (§ 566.060). Anilingus, however, would satisfy the Missouri definition of "sexual contact" (§ 566.010.1(3)), which is an element of sexual abuse in the first degree (§ 566.100), sexual abuse in the second degree (§ 566.110), and sexual abuse in the third degree (§ 566.120).

In addition to proving the Colorado convictions, the state introduced into evidence the information on which those convictions were based, the two charges having been prosecuted in the same proceeding. That information does not set forth the facts showing which *type* of sexual penetration was committed by defendant with respect to the offense of November 5, 1975, or the offense of November 3, 1975. In the absence of such proof, it is possible that the Colorado convictions were based upon anilingus.

"Whenever the state seeks to invoke the Second Offender law, it assumes the burden of proving beyond a reasonable doubt the facts required by that law. *State v. Martin*, 336 S.W.2d 394, 397[5] (Mo.1960)." *State v. Garner*, 538 S.W.2d 937, 943[4] (Mo.App.1976). Section 558.021.1 specifically applies that principle to "prior offender, persistent offender, or dangerous offender" situations. This court holds that the same principle applies to a prosecution under § 558.018, the persistent sexual offender statute. This court agrees with defendant that the instant record fails to prove, beyond a reasonable doubt, that the Colorado convictions satisfy § 558.018.2 which requires a previous conviction of "the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid."

In cases where a defendant has been sentenced under the Second Offender Act, and the state's evidence, on appeal, has been ruled insufficient to establish an element required to invoke the act, the disposition has been to remand the case with directions that the trial court cause the defendant to be brought before it and hold a hearing on the issue of the applicability of the Act. *State v. Smith,* 665 S.W.2d 663, 669 (Mo.App.1984). Indeed remand has been ordered when the state presented no evidence whatsoever on the issue of the applicability of the persistent offender statute, § 558.016. *State v. Holt,* 660 S.W.2d 735, 738[12] (Mo.App.1983). To similar effect see *State v. Bohlen,* 670 S.W.2d 119, 123[9] (Mo.App.1984). "[T]he second enhancement and sentencing proceeding does not constitute double jeopardy." *State v. Holt,* 708 S.W.2d 233, 234[1] (Mo.App.1986). For a full discussion of the rationale underlying that principle see *State v. Lee,* 660 S.W.2d 394, 399–400 (Mo.App.1983).

That portion of the judgment finding defendant to be a persistent sexual offender is hereby set aside and the sentence with respect to the sodomy conviction is declared void. The cause is remanded and the trial court is directed to cause defendant to be brought before it and to hold a hearing on the persistent sexual offender issue. If the persistent sexual offender allegation is proved, the trial court is directed to make appropriate findings and to pronounce sentence on defendant. If the persistent sexual offender allegation is not proved, the trial court is directed to sentence the defendant, on the sodomy conviction, as a persistent offender. Those portions of the judgment finding defendant guilty of the class A felony of sodomy, and the class B felony of kidnapping, and sentencing defendant, as a persistent offender, to a term of 30 years on the kidnapping conviction are affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.