**STATE of Missouri, Plaintiff–Respondent,**

v.

**James Alan McCORD, Defendant–Appellant.**

No. 15668.

Missouri Court of Appeals, Southern District, Division Two.

July 11, 1988.

James Alan McCord, Springfield, pro se.

Thomas E. Mountjoy, Pros. Atty., Joseph W. Rigler, Richard E. Monroe, Asst. Pros. Attys., Springfield, for plaintiff-respondent.

FLANIGAN, Judge.

The trial court, after a jury-waived trial, found defendant James A. McCord guilty of possession of marijuana, § 195.020,[1] a misdemeanor, § 195.200.1(1)(a), and imposed a fine of $300. Defendant appeals.

Defendant, who has appeared pro se throughout this proceeding, is a member of the Missouri Bar and the holder of an L.L. M. degree conferred by the University of Pennsylvania in 1971. Following his conviction, defendant appealed to the Supreme Court of Missouri. On March 18, 1988, the Supreme Court entered the following order: "Cause ordered transferred to Court of Appeals, Southern District, where jurisdiction is vested. Mo. Const. art. V, sec. 11. *See State v. Mitchell,* 563 S.W.2d 18 (Mo. banc 1978)."

Defendant's 92–page brief contains six points. Point 1 reads:

> "The trial court erred in overruling appellant's Motion to Dismiss and instead convicting him under Secs. 195.017, 195.-020 and 195.200 RSMo because, as argued in appellant's supporting trial brief, testimony and oral argument, said legislation violates fundamental rights, due process and equal protection of the laws in a vain and irrational attempt to further the state's interest in controlling commerce in marijuana and the overall volume of public usage by penalizing users thereof in overbroad ways foreclosing their realistic education about any usages not currently sanctioned by the medical profession, thereby increasing naive public demand for an unknown and forbidden substance having attractions for recreational abuses which can be harmful as supplied by the illicit commerce being concomitantly stimulated by the state's current program for controlling mind-active substances through outright prohibitions taking little account of the realities attending the nation's critical problem in dealing with the burgeoning demand for and underworld supply of both the dangerous drugs and relatively harmless marijuana."

No purpose would be served in setting forth defendant's other five points. Each of them is, or at least purports to be, an attack upon the constitutionality of § 195.020.1, which makes it unlawful for any person to possess marijuana except as authorized in Chapter 195, and § 195.200.1(1)(a), which provides the penalty for possessing 35 grams or less of marijuana, first offense.

In *State v. McManus,* 718 S.W.2d 130 (Mo. banc 1986), defendant was convicted of selling marijuana in violation of § 195.020. On his appeal the supreme court rejected his claim that there was no rational basis for the classification of marijuana as a Schedule I controlled substance as set forth in § 195.017. The court also held that his conviction pursuant to § 195.020 and § 195.017 did not violate "his equal protection and due process rights." Referring to *State v. Mitchell,* 563 S.W.2d 18 (Mo. banc 1978), the case cited in the supreme court's transfer order of March 18, 1988 in the instant appeal, the court, in *McManus,* said: "[*State v. Mitchell* ] upheld the constitutionality of § 195.017 in 1978."

In *Mitchell,* defendant was convicted of selling marijuana in violation of § 195.017 and § 195.200. The supreme court rejected his constitutional challenge to those statutes based on the equal protection clause of the U.S. Constitution. On the instant appeal, McCord seeks to distinguish *Mitchell* on the ground that *Mitchell* involved a sale of marijuana while his conduct was

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

mere possession of a small amount, 35 grams or less, of marijuana.

McCord does not challenge the sufficiency of the evidence to support the conviction. On oral argument he conceded that he does not present any point on appeal other than his six independent constitutional attacks upon § 195.020 and § 195.200.1(1)(a).

"The supreme court shall have exclusive appellate jurisdiction in all cases involving the validity ... of a statute ... of this state." Mo. Const. art V, Sec. 3.

■ The transfer order of the supreme court is not itself an adjudication of jurisdiction and the transfer order does not prevent the court of appeals from reexamining the issue of appellate jurisdiction, *Collector of Revenue, Etc. v. Parcels of Land, Etc.,* 566 S.W.2d 475 (Mo. banc 1978); *State v. Woods,* 645 S.W.2d 745 (Mo.App.1983); *State v. Martin,* 645 S.W.2d 734 (Mo.App.1983), and the transfer order does not preclude the court of appeals from transferring the case back to the supreme court if jurisdiction is in the latter tribunal. *State v. Martin,* supra.

In his points relied on, McCord fails to cite any specific provision, by article and section number, of the U.S. Constitution or the Missouri Constitution. Although his brief contains some case citations, most of the brief consists of references to, and quotations from, such writers as Thomas Jefferson, John Stuart Mill, Aldous Huxley, C.J. Jung, William James, Plato, Sigmund Freud, Adam Smith, Edmund Wilson, Thomas Paine, Alexis de Tocqueville, William Shakespeare, Robert Burns, Walt Whitman, John Dewey, A.M. Schlesinger, Jr., and S.I. Hayakawa.

Cases where a criminal defendant has attempted to challenge the constitutionality of the statute underlying his conviction include *State v. McManus,* supra; *State v. Wickizer,* 583 S.W.2d 519 (Mo. banc 1979); *State v. Mitchell,* supra; *State v. Kelly,* 728 S.W.2d 642 (Mo.App.1987); *State v. Garrette,* 699 S.W.2d 468 (Mo.App.1985); *State v. Perkins,* 680 S.W.2d 331 (Mo.App. 1984); *State v. Danforth,* 654 S.W.2d 912 (Mo.App.1983); and *State v. Tatum,* 653 S.W.2d 241 (Mo.App.1983). Some of those cases hold that the constitutional issue must be raised in the trial court by the defendant at the earliest time consistent with good pleading and orderly procedure, and that, if not so raised, the issue is not preserved for appellate review. *State v. Wickizer,* supra, at 523; *State v. Kelly,* supra, at 647; *State v. Garrette,* supra, at 480; *State v. Perkins,* supra, at 334–335; *State v. Danforth,* supra, at 917; *State v. Tatum,* supra, at 242–243.

Some cases state that it is necessary for the defendant, in raising the issue, to cite the specific section of the constitution, federal or state, on which he relies. *State v. Garrette,* supra, at 480; *Horne v. King,* 678 S.W.2d 465, 467 (Mo.App.1984); *State v. Tatum,* supra, at 243. If the constitutional issue has not been preserved for appellate review, some cases hold that the court of appeals need not transfer the case to the supreme court, *State v. Kelly,* supra, at 647; *State v. Garrette,* supra, at 482; *State v. Perkins,* supra, at 335; *Horne v. King,* supra, at 468, but if that issue has been preserved for appellate review, the court of appeals must so transfer. *State v. Perkins,* supra, at 334; *Horne v. King,* supra, at 467; *State v. Tatum,* supra, at 242; *State v. Woods,* supra, at 746. If the only issue on appeal is the issue of the constitutionality of the statute, and if that issue has not been preserved for appellate review, the court of appeals will affirm the conviction. *Horne v. King,* supra, at 468.

On the other hand, in *State v. Mitchell,* supra, the supreme court held that an unconstitutional statute is no statute at all and that the issue of its constitutionality is open to attack at any stage of the proceeding, including the appellate and post-conviction stages. This holding is based on the theory that the constitutionality of the statute is essential to the trial court's jurisdiction and thus the issue is not waived by the failure to raise it by motion within the time limits prescribed by Rule 24.04(b)2 and 3. Under Rule 24.04(b)2, lack of jurisdiction "shall be noticed by the court at any time during the pendency of the proceeding." In *State ex rel. Williams v. Marsh,* 626 S.W.2d 223 (Mo. banc 1982), a case not involving the constitutionality of a criminal statute, the supreme court reiterated the

doctrine of the cases on which *State v. Mitchell*, supra, relied.

In *State v. Danforth*, supra, at 925–926, the Western District discussed the two lines of supreme court decisions respectively represented by *State v. Wickizer*, supra, and *State v. Mitchell*, supra. The court pointed out that none of the cases in either of these lines of decisions had been overruled. The court adhered to the position represented by the *Wickizer* line which requires a timely raising of the constitutional issue in the trial court in order for the issue to be preserved for appellate review.

■ In the trial court McCord entered his plea of not guilty to the information on December 4, 1986. On January 13, 1987, he filed a motion to dismiss, the sole ground of the motion being "because the Statute under which he is charged is unconstitutionally void based on the suggestions herewith filed." Even if the "suggestions" were filed in the trial court, they are not contained in the legal file and this court is unaware of their content. The record fails to show what specific sections of the constitution, federal or state, McCord may have cited if indeed he cited any. Moreover, the record does not show that the motion to dismiss was heard and determined by the trial court or that the state or the defendant applied for such hearing and determination. See Rule 24.04(b)4. It has been held, in a case not involving the constitutionality of a criminal statute, that a constitutional issue is not preserved for appellate review unless the trial court has passed on it. *Kansas City v. Graybar Electric Co.*, 454 S.W.2d 23, 25 (Mo.1970).

This court concludes that the constitutional issues sought to be presented by McCord have not been preserved for appellate review and that it is not necessary to retransfer the cause to the supreme court.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.