**STATE of Missouri, Respondent,**

v.

**James SMITH, Appellant.**

No. 65403.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 27, 1994.

Lew Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant, James Smith, was found guilty by a jury of driving while intoxicated and sentenced by the court as a persistent offender to six years in the Missouri Department of Corrections. He appeals. We affirm.

We view the evidence in the light most supportive of the verdict. On November 11, 1992, at approximately 3:30 p.m., Shirley McNece was driving home from school on Route W. As she drove around a curve, she came upon a big, green car stopped in her lane. She slammed on her brakes and was able to stop, but Michael Williams, driving behind McNece, was unable to stop in time. Williams' automobile struck the McNece vehicle and pushed it into the stopped green car.

The green car was occupied by defendant in the front seat and his father in the back seat. Defendant drove the car from the scene of the accident to an Apco gas station a few hundred feet down the road. McNece and Williams followed. Defendant got out of his car. He did not walk straight, his eyes were glassy, his speech slurred, and his breath smelled of alcohol. He said to McNece and Williams, "let's make a deal right here and now so that we don't have to call anybody." They refused because they thought he was intoxicated, and they called the police. Defendant drove away while the police were being called.

Highway Patrol Trooper Bradley Moore responded to the call. After receiving an account of the incident, he began a search for the green car. In the meantime, defendant was driven back to the Apco station in a different car. McNece and Williams said he appeared to have taken a shower, shaved and changed clothes. Trooper Moore returned to the scene and interviewed defendant. Upon the administration of field sobriety tests, the officer concluded defendant was intoxicated. Defendant denied the consumption of any alcoholic beverages either before the accident or between the time of the accident and the administration of the field sobriety test. He asked the officer to give him a break because this "would send him back to the pen." Defendant refused to take a breathalyzer test.

Defendant's wife testified that she had been driving the car in which her husband and his father were passengers. She got into an argument with her husband, prompting her to stop the car partially in a traffic lane and to get out and start walking. She claimed her husband only drove the car to the Apco station to avoid further accidents. She was unable to explain why they left the gas station before the police arrived and then returned later on.

The trial court found defendant to be a persistent alcohol offender by reason of three prior alcohol-related offenses within a ten-year period and a persistent offender by reason of an additional driving while intoxicated conviction and a first-degree robbery conviction.

 In his first point on appeal, defendant charges trial court error in refusing to instruct the jury on the defense of justification by necessity. He claims his driving the car after his wife left it stopped on the highway was "necessary as an emergency measure to avoid an imminent public or private injury" and was therefore justifiable under § 563.026 RSMo 1986. Under this statute, justification by necessity is an affirmative defense which is not to be submitted to the jury unless supported by the evidence and upon which defendant has the burden of persuasion. § 556.056 RSMo 1986. In order to entitle a defendant to an instruction on this affirmative defense there must be evidence that: 1) the act charged was performed to prevent a significant harm; 2) there was no adequate alternative; and 3) the harm caused was not disproportionate to the harm avoided. *State v. Farris*, 778 S.W.2d 11, 12–13 (Mo.App.1989).

We note at the outset that defendant's argument on this point assumes that he was intoxicated at the time he claims to have been forced by necessity to drive the car, an assumption diametrically opposed to his evidence at trial. Assuming his intoxication and further assuming the truth of his wife's testimony, he could have avoided any necessity of violating the law by simply resolving the argument with his wife. Furthermore, fatal to defendant's argument is the fact that his

father was in the car when his wife allegedly abandoned it and defendant drove it while intoxicated. There is no evidence that defendant's father could not have driven the car from the traffic lane to a position of safety. Thus, the evidence fails to show the absence of adequate alternatives, and defendant was not entitled to the affirmative defense instruction.

Moreover, defendant's argument assumes he only drove while intoxicated from the scene of the collisions to the Apco station. The jury did not have to believe his wife's testimony to this effect. In fact, the evidence and the reasonable inferences to be drawn from the evidence provide ample support for a jury conclusion that defendant was driving before and at the time of the collisions. By offering to settle with McNece and Williams if they would not call the police and by leaving the scene before the police arrived, defendant demonstrated a consciousness of his responsibility for the collisions. This evidence gives rise to an inference that defendant recognized a need to avoid police investigation of the collisions lest he be found to have driven while intoxicated. This inference is strengthened by the evidence that defendant requested Trooper Moore to give him a break and by his refusal to take the breathalyzer test. Defendant's first point is without merit.

■ Defendant also charges trial court error in failing to declare a mistrial after Trooper Moore testified that defendant asked to be given a break to avoid being sent back to the penitentiary. An identical issue was asserted in *State v. Johnson*, 864 S.W.2d 449 (Mo.App.1993). In rejecting the defendant's argument that the trial court erred in permitting evidence of his statement to the police that he did not want to return to the state penitentiary, the court stated defendant's "statement manifest (sic) a consciousness of guilt and, thus, it was not an abuse of discretion to admit it into evidence." *Id* at 451. Contentions similar to that here asserted by defendant have also been rejected in *State v. Perkins*, 680 S.W.2d 331, 334 (Mo. App.1984) and *State v. Bellew*, 612 S.W.2d 401, 403 (Mo.App.1981).

Our review of the record indicates that Trooper Moore was simply relating the complete story of defendant's arrest. There is nothing in the record tending to suggest any insidious motive on the part of the prosecution. We find no abuse of trial court discretion in denying the drastic action of a mistrial because of this rather insignificant incident.

■ We also find no merit in defendant's final argument that the admission of Trooper Moore's opinion that defendant was intoxicated was erroneous because it was based upon observation of the defendant more than one hour after he had driven the motor vehicle. There was no evidence that defendant had consumed any alcoholic beverage between the time of the collisions and the time Trooper Moore questioned him. Indeed, defendant insisted that he had not done so. Therefore, his appearance, demeanor and his failure of field sobriety tests administered by Trooper Moore were relevant factors corroborating the opinions of McNece and Williams that defendant was intoxicated at the time of the collisions. Point denied.

The judgment of the trial court is affirmed.

GRIMM, P.J., and CRAHAN, J., concur.